UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC. ,f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.
_____/

CASE NO.: 00-6119 ~~0131~~

CIV-LENARD

MAGISTRATE JUDGE
TURNOFF

## COMPLAINT

Plaintiff, TRINA ROLLIE, by her undersigned attorney, sues Defendants, VENATOR GROUP, INC., and VENATOR GROUP RETAIL, INC., both New York corporations, and alleges as follows:

1. This is an action for damages pursuant to 42 U.S.C. Section 1981 as Amended by the Civil Rights Act of 1991.

2. This Court has jurisdiction under and by virtue of 42 U.S.C. Section 2000 e-5 (f) and 28 U.S.C. Sections 1331 and 1343 (a) (4).

3. Plaintiff, Trina Rollie, is an African-American of Black color and a citizen of the United States and the State of Florida, and resides in Broward County, Florida.

SCANNED

1

4. The intentionally unlawful employment practices alleged herein were committed within the State of Florida, and within the Southern District of Florida.

5. Defendant, Venator Group Retail, Inc., is a New York corporation registered to do business in the of State Florida and doing business in Broward County, Florida and within the Southern District of Florida. Venator Group Retail, Inc., employed fifteen (15) or more employees for twenty (20) or more weeks during the years that it was formerly known as Kinney Shoe Corporation for 1993, 19994, 1995, 1996, 1997, and 1998. When Venator Group Retail, Inc., assumed its present name changing it from Kinney Shoe Corporation, it still employed fifteen (15) or more employees for twenty (20) or more weeks during the years it has been known as Venator Group Retail, Inc.

6. At all relevant times, Venator Group Retail, Inc., formerly known as Kinney Shoe Corporation did business as Lady Foot Locker which is a retail chain of stores selling women's athletic shoes, clothing, and accessories.

7. Plaintiff was employed by Kinney Shoe Corporation in 1991 as a manager trainee. After her training period, she served as an assistant manager until she was made the manager of Lady Foot Locker store in Pembroke Lakes, Florida in 1995, and served as the manager of that store until her resignation on May 23, 1998.

8. Since approximately 1991, and continuously during the remainder of her employment, Venator Group Retail, Inc., formally known as Kinney Shoe

Corporation, Inc., intentionally discriminated against Plaintiff because of her race with respect to the terms, conditions, and privileges of the Plaintiff's employment. The advancement, promotion, and evaluation standards she was subjected to were discriminatory in comparison to similarly situated non-black peers during the same time period. The Plaintiff did not become aware nor did she realize that the Defendant was discriminating against her until approximately March 28, 1996.

9. On March 28, 1996, the Plaintiff contacted the Defendants' Fair Employment Practices office also known as its Human Resources offices, directly notifying one of the Defendants' agents of discriminatory terms and conditions being used against her to her detriment due to her race being a motivating factor.

10. Venator Group Retail, Inc., formally known as Kinney, discriminatorily failed to train and promote the Plaintiff. The Plaintiff should have been able to travel to complete her manager training which in turn would have resulted in both increased pay and positioned her for a promotion to manager her own store sooner. Similarly situated white peers were able to travel for training and consequently it accelerated their training and subsequent promotions.

11. The Plaintiff should have been promoted to the Aventura Mall store manager position at Lady Foot Locker on or about August of 1997. The Defendant's failure to promote the Plaintiff to that position was made based upon race motivating factors and therefore intentionally discriminatory.

3

12. Venator Group Retail, Inc., formally known as Kinney Shoe Corporation, intentionally and discriminatorily failed to train, promote, and advance the Plaintiff based upon her race which in turn has caused Trina Rollie to suffer damages in the form of emotional distress, pain and suffering, humiliation and embarrassment, as well as loss of pay and benefits.

13. As a result, Plaintiff has been forced to retain the undersigned attorney to represent her and has or will incur attorneys fees in said representation.

14. Defendant, Venator Group, Inc., formally known as Woolworth Corporation, employed fifteen (15) or more employees for twenty (20) or more weeks during the years 1991, 1992, 1993, 1994, 1995, 1996, 1997, and 1998. The aforementioned statement and listed years apply to this Defendant known as Venator Group, Inc., during the time it changed its name from Woolworth Corporation to Venator Group, Inc.

15. Kinney Shoe Corporation was a mere agency, instrumentality, and/or adjunct of Woolworth Corporation from 1991 through 1998. Woolworth Corporation and Kinney Shoe Corporation shared the same Fair Employment Practices offices, Human Relations office, letterhead/stationary, and common training manuals, seminars, and training. Woolworth was Kinney's holding and parent company, and exercised actual control over the business activities of Kinney. Kinney was merely an alter ego of Woolworth. Notwithstanding the name change of Kinney Shoe Corporation to Venator Group Retail, Inc., and the name change of Woolworth Corporation to Venator Group, Inc., the business

4

and corporation relationship between these two (2) corporations remain unchanged. Venator Group is Venator Group Retail, Inc.'s holding and parent company, and exercises actual control over the business activities of Venator Group Retail, Inc.

16. Venator Group, Inc., formally known as Woolworth and Venator Group Retail, Inc., jointly employed Plaintiff and Venator Group formally known as Woolworth had control of the terms and conditions of Plaintiff's employment and shared or co-determined with Venator Group Retail, Inc. these matters governing the essential terms and conditions of Plaintiff's employment.

WHEREFORE, Plaintiff, Trina Rollie, demands that judgment be entered against Defendant's, jointly and severally, for:

a) compensatory damages;

b) back pay and lost benefits;

c) punitive damages;

d) cost and attorneys fees and pre and post judgment interest as appropriate;

e) any other relief this Court deems just and available.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all Counts and causes of action set forth herein.

RESPECTFULLY SUBMITTED,

By: *Kelsay D. Patterson*
Kelsay D. Patterson
Florida Bar No.: 119784

MICHAEL M. TOBIN, P.A.
1099 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel: (305)445-5475
Fax: (305)445-5479

# CIVIL COVER SHEET

00-0131 CIV-LENARD

MAGISTRATE JUDGE TURNOFF

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

TRINA ROLLIE

**DEFENDANTS**

VENATORGROUP RETAIL, INC. f/k/a
KINNEY SHOE CORP., a New York Corp.
VENATOR GROUP, INC., f/k/a
WOOLWOTH CORP., a New York Corp.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A-dade 00cv131 Lenard Turnoff

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael M. Tobin, P.A. (305)445-5475
Kelsay D. Patterson, Esq
1099 Ponce de Leon Blvd, Coral Gables, Fl

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 4 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury Med Malpractice | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☒ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE January 11, 2000
SIGNATURE OF ATTORNEY OF RECORD: Kelsay D. Patterson

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 815345   Amount: 150.00
Date Paid: 21/12/00   M/ilp: _____

2