ENVELOPES NOT PROVIDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,

      Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

      Defendants.

Case No. 00-6119-CIV-LENARD

_____/

## ANSWER AND DEFENSES OF VENATOR GROUP RETAIL, INC., F/K/A KINNEY SHOE CORPORATION

DEFENDANT, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, answers the numbered paragraphs of the Complaint filed and served herein as follows:

1. Admitted only that this purports to be an action for damages pursuant to 42 U.S.C. § 1981.

2. Denied that this Court has jurisdiction under 42 U.S.C. § 2000e-5(f); remainder is admitted for jurisdictional purposes only.

3. Admitted that Plaintiff is black and a citizen of the United States residing within the State of Florida; otherwise denied.

4. Denied that Defendant committed any unlawful employment practices.

5. Admitted.

6. Admitted that Lady Foot Locker was a division of Kinney Shoe Corporation, now known as Venator Group Retail, Inc..

7. Admitted only that Plaintiff resigned her position as Lady Foot Locker store manager in Pembroke Lakes, Florida; otherwise denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied that Plaintiff was "forced" to retain an attorney; the remainder of this paragraph is denied for lack of knowledge.

14. Paragraph 14 does not pertain to this Defendant.

15. Denied that Kinney Shoe Corporation was a mere agency, instrumentality, and/or adjunct of Woolworth Corporation from 1991 through 1998; further, it is denied that Kinney was merely an alter ego of Woolworth.

16. Denied that Venator Group, Inc., formerly known as Woolworth, and Venator Group Retail, Inc., formerly known as Kinney, jointly employed Plaintiff.

## First Defense

The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

Some or all of Plaintiff's claims are barred by applicable statues of limitation.

ORL1\LABOR\304013.1
21719/0021 AMG rw 1/26/00 7:43 AM

### Third Defense

Some or all of Plaintiff's claims are barred by the equitable doctrine of laches.

### Fourth Defense

Plaintiff is estopped to assert some or all of her claims.

### Fifth Defense

Plaintiff has waived by conduct her ability to assert some or all the claims set forth in this Complaint.

### Sixth Defense

Any actions by Defendant with respect to Plaintiff's employment were taken for bona fide non-discriminatory reasons.

### Seventh Defense

Plaintiff has not adequately pled a predicate for punitive damages, nor can she prove entitlement to same.

### Eighth Defense

Plaintiff failed adequately to mitigate her damages.

### Ninth Defense

The after-acquired evidence doctrine bars or limits some or all of the relief requested by Plaintiff.

ORL1\LABOR\304013.1
21719/0021 AMG rw 1/26/00 7:43 AM

WHEREFORE, Defendant VENATOR GROUP RETAIL, INC., respectfully requests that this Court dismiss the Complaint and award this Defendant all its fees and costs for defending this action.

Respectfully submitted,

BROAD AND CASSEL

_____
ALAN M. GERLACH
Florida Bar No. 199184
390 N. Orange Avenue
Suite 1100
Orlando, FL 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Kelsay D. Patterson, Esquire, MICHAEL M. TOBIN, P.A., 1099 Ponce de Leon Blvd., Coral Gables, Florida 33134, this __1st__ day of February, 2000.

_____
Alan M. Gerlach, Esquire