UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,                                CASE NO. 00-6119 CIV-HUCK

        Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION
a New York corporation, and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION
a New York corporation

        Defendants.
_____/

**DEFENDANT'S MOTION TO COMPEL SUPPLEMENTAL RESPONSES
TO FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

    Defendant, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, and pursuant to Rule 37, Fed. R. Civ. P., and Rule 26.1(H)(2), of the Local Rules for the U.S. District Court for the Southern District of Florida, hereby files its Motion to Compel Supplemental Responses to First Request for Production to Plaintiff, and would show the Court as follows:

### INTRODUCTION

    On April 27, 2000 Defendant served its First Request for Production of Documents to Plaintiff, a copy of which is attached hereto as Exhibit "A. On June 28, 2000, Plaintiff served her Responses to Defendant's Request for Production, a copy of which is attached hereto as Exhibit "B".

### REQUEST 13

    Paragraph 13 of Defendant's Request for Production is as follows:

      13.    All documents which evidence, relate to, or otherwise pertain to notes or other documents made by Plaintiff that relate in any manner to any and all matters encompassed by the Complaint or Venator Group Retail Inc.'s Answers and Defenses to the Complaint.

Plaintiff's response to that paragraph is as follows:

      13.    None other than the documents which have already been referenced.

Plaintiff's response in inappropriate and insufficient. Plaintiff has failed to specify which responses she is incorporating by reference. Plaintiff cannot assume that the Defendant has knowledge concerning the responses she is incorporating by reference. Accordingly, Plaintiff should be required to serve a supplemental response to paragraph 13 of Defendant's Request for Production.

## REQUEST 15

Paragraph 15 of Defendant's Request for Production is as follows:

      15.    All federal and state income tax returns prepared by Plaintiff (and/or Plaintiff's spouse, if returns were jointly filed) for the tax years 1998 and 1999. This request includes all supporting schedules and documents, such as W-2 forms, 1099 forms and the like, even if the documents were not filed.

Plaintiff's response to that paragraph is as follows:

      15.    Will forward.

Plaintiff's response is insufficient. To date, Plaintiff has not forwarded any of the requested documents. Defendant is entitled to examine these documents to verify Plaintiff's income subsequent to her employment with the Defendant. Accordingly, Plaintiff should be required to serve a complete response to paragraph 15 of Defendant's Request for Production.

## REQUEST 18

Paragraph 18 of Defendant's Request for Production is as follows:

      18.    All documents relating in any way to jobs held by Plaintiff during the period from May 22, 1998 to the present, including, but not limited to, paychecks and stubs, employee handbooks, descriptions of benefit plans offered, job descriptions, personal documents kept by Plaintiff, disciplinary reports, evaluations and awards.

Plaintiff's response to that paragraph is as follows:

> 18. Objection, irrelevant, not calculated to lead to any admissible evidence as it would not pertain to the employment terms and conditions the Defendant subjected to the Plaintiff to while in their employ. Notwithstanding said objection, the Defendant is welcome to meet at the counsel for Plaintiff's office to review present and past pay check stubs, and employee handbooks of her present employer. Plaintiff has no other documents that would come within the parameter of this request.

To begin with, Plaintiff's objection is untimely as it was raised for the first time on June 28, 2000, approximately two months after Defendant's Request for Production had been served. Therefore, the objection should be deemed as waived.

Even if that were not the case, Plaintiff's response is inappropriate. The request is reasonably calculated to lead to the discovery of admissible evidence because it seeks to discover information concerning Plaintiff's interim earnings, which directly bear on the amount of backpay recoverable in the event Plaintiff is successful in this case. The request for employee handbooks of later employers is also reasonably calculated to lead to the discovery of admissible evidence, because such manuals often include an explanation of the benefits to which she would have been and is entitled. This information would also impact the amount of any award for backpay in the event Plaintiff is successful in this case. Accordingly, Plaintiff's objection should be overruled, and Plaintiff should be required to serve a complete response to paragraph 18 of the Request for Production.

## REQUEST 19

Paragraph 19 of Defendant's Request for Production is as follows:

> 19. All documents evidencing, reflecting or commenting upon, any awards, special recognition, letters of commendation or criticism, and audit results regarding Plaintiff or the store she managed while working for Defendant.

Plaintiff's response to that paragraph is as follows:

19. These documents are within the custody and control of the Defendant and will not be reproduced as it would be burdensome and time consuming because the Defendant has the originals of all these documents.

Plaintiff's response is inappropriate. If Plaintiff does not have any documents within her possession, custody or control that are responsive to paragraph 19, then she should so state. If that is not the case, Plaintiff cannot assume that the documents in her possession, custody or control are identical to the documents in the possession, custody or control of Defendant, and must produce all responsive documents. Defendant has in fact undergone considerable restructuring and reorganization during and since Plaintiff's employment and may well not have all such items. Defendant is entitled to know what awards and other documents pertaining to her performance that Plaintiff has in her possession. Such a request is neither burdensome nor time-consuming. Accordingly, Plaintiff should be required to serve a supplemental response to paragraph 19 of Defendant's Request for Production.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND CERTIFICATE OF COUNSEL

On April 27, 2000 Defendant served its First Request for Production of Documents to Plaintiff. On June 28, 2000, Plaintiff served her Responses to Defendant's Request for Production. On July 6, 2000, Counsel for the Defendant conferred with Plaintiff's counsel in writing to determine the status of obtaining further information regarding this document production in an effort to resolve this matter without the necessity of a motion. A copy of this letter has been attached hereto as Exhibit "C". Plaintiff's counsel did not respond to this letter. In addition, on July 28, 2000 and August 4, 2000, counsel for Defendant attempted to contact Plaintiff's counsel via telephone regarding this matter, was advised that he was unavailable, and left a message requesting a return phone call. However, Plaintiff's counsel has failed to return either of these messages.

Pursuant to Rule 37, Federal Rules of Civil Procedure, the Court should find that the Defendant is entitled to receive supplemental responses to these requests for production. Additionally, the Court should find that the Defendant is entitled to recover its reasonable attorneys' fees associated with this motion.

WHEREFORE, Defendant respectfully requests that the Court enter an order granting this motion, compelling Plaintiff to serve supplemental responses to the Request for Production, finding that Defendant is entitled to its reasonable attorneys' fees and costs, and reserving jurisdiction to determine the amount of those fees.

Respectfully submitted,

_____
ALAN M. GERLACH
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to KELSAY D. PATTERSON, ESQUIRE, Michael M. Tobin, P.A., 1099 Ponce de Leon Boulevard, Coral Gables, FL 33134, this ___11___ day of August, 2000.

_____
ALAN M. GERLACH, ESQUIRE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

      Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION
a New York corporation, and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION
a New York corporation

      Defendants.
_____/

CASE NO. 00-6119 CIV-LENARD
MAGISTRATE : JUDGE TURNOFF

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Defendant, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel and pursuant to Rule 34, Federal Rules of Civil Procedure, requests Plaintiff, TRINA ROLLIE, to produce for inspection and copying and performing related actions the following described documents at the office of the undersigned within thirty (30) days of service of this request.

Pursuant to Rule 34(b), Plaintiff shall serve a response stating with respect to each category of documents requested, that inspection and/or copying will be permitted or, if a request is objected to, the reasons for the objection. If objection is made to part of a category, the part shall be specified. In producing the requested documents, Plaintiff shall produce them as they are kept in the usual course of business or shall organize and label the requested documents to correspond to the categories enumerated in this Request.

I.     DEFINITIONS AND INSTRUCTIONS

A.     Definitions

1.     As used herein, the words "document" or "documents" mean any kind of written, typewritten, printed or recorded material whatsoever, including but not limited to any notes, memoranda, complaints, claims, affidavits, statements, papers, files, forms, data, audiotapes, videotapes, printouts, letters, books, reports, summaries, prescriptions, prognoses, policies, procedures, manuals, handbooks, minutes, logs, communications, certificates, contracts, agreements, telegrams, records, correspondence, diaries, calendars, recordings and transcriptions or recordings, information retrievable from computers, photographs, pictures, diagrams, drawings, microfilms, invoices, computer files or records, bills, receipts, request, or any other writing, however produced or reproduced, and further includes, without limitation, all originals, all file copies and all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or her agents, attorneys, physicians, psychologists, counselors, and/or any other persons who may act on her behalf, excepting only those documents which are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Defendant no later than thirty (30) days from the date hereof as provided below.

2.     "Venator Group Retail, Inc." refers to VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION and/or to any past or present officers, directors, employees and/or agents of Venator Group Retail, Inc..

3.     "Plaintiff" refers to TRINA ROLLIE and her agents, employees, and/or any other person who may act on her behalf.

4.     "Complaint" refers to Plaintiff's Complaint on file herein in Case No. 00-6119-CIV-LENARD, as well as to any claims of discrimination filed by Plaintiff against Venator

Group Retail, Inc. either with the Equal Employment Opportunity Commission or the Florida Commission on Human Relations.

    B.    Instructions

        1.    <u>Documents Withheld</u>

If any document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privileges or other protection, please provide the following information with respect to any such documents:

    a.    The identity of the person(s) who prepared the document, who signed it, and over whose name it was sent or issued;

    b.    The identity of the person(s) to whom the document was directed;

    c.    The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

    d.    The date of the document;

    e.    The identity of the person(s) who has custody of, or control over the document and each copy thereof;

    f.    The identity of each person to whom copies of the document were furnished;

    g.    The number of pages;

    h.    The basis on which any privilege or other protection is claimed; and

    i.    Whether any non-privileged or non-protected matter is included in the document.

2. <u>Partial Production</u>

Whenever you object to a particular request, or portion thereof, you must produce all documents called for which are not subject to that objection. Similarly, whenever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.

3. <u>Orderly Response</u>

Wherever it is reasonably practicable, please produce documents in such manner as will facilitate their identification with the particular request or category or requests to which they are responsive.

4. <u>Construction of "And" and "Or"</u>

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

5. <u>Construction of the Singular and Plural Forms</u>

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

## II. DOCUMENTS TO BE PRODUCED

1. All documents substantiating, referring or relating to, documenting, describing or evidencing the facts, circumstances and allegations set forth in Paragraph 8 of the Complaint regarding Venator Group Retail, Inc.'s alleged intentional discrimination because of Plaintiff's race with respect to the terms, conditions, and privileges of her employment.

2. All documents substantiating, referring or relating to, documenting, describing or evidencing the facts, circumstances and allegations set forth in Paragraph 10 of the Complaint regarding Venator Group Retail Inc.'s alleged discriminatory failure to train and promote the Plaintiff.

3. All documents substantiating, referring or relating to, documenting, describing or evidencing the facts, circumstances and allegations set forth in Paragraph 11 of the Complaint regarding Venator Group Retail Inc.'s alleged intentional and discriminatory failure to promote Plaintiff to the Aventura Mall store manager position at Lady Foot Locker on or about August of 1997.

4. All documents substantiating, referring or relating to, documenting, describing or evidencing the facts, circumstances and allegations set forth in Paragraph 12 of the Complaint regarding the damages allegedly sustained by Plaintiff as a result of Venator Group Retail Inc.'s alleged intentional and discriminatory failure to train, promote and advance Plaintiff based on her race.

5. All charges, letters, pamphlets, notices or other documents containing or referring to communications to, with or from the EEOC and/or the Florida Commission on Human Relations and/or any other federal or state agency that refer to, support or describe Plaintiff's claims against Venator Group Retail, Inc., regardless of by whom any charge may have been filed.

6. All documents referring to, describing or evidencing the financial injuries that Venator Group Retail, Inc. has allegedly caused Plaintiff.

7. All documents referring to, describing or evidencing physical, emotional or mental injuries that Venator Group Retail, Inc. has allegedly caused Plaintiff.

8. All documents discussing or describing any treatment or counseling Plaintiff has received for any emotional or mental condition, or physical illness or ailment, during the period from February, 1995 to the present.

9. All documents referring to, evidencing or describing comments or statements of any persons who have or are believed to have any knowledge of the facts underlying Plaintiff's claims.

10. All diaries, records, logs, notes, appointment books, calendars, yearly planners, and other similar documents used by and maintained by Plaintiff, during the period from February, 1995 to the present.

11. All documents which evidence, relate to, pertain to or otherwise support the allegations of emotional distress, pain and suffering, humiliation and embarrassment, as set forth in the Complaint, including, but not limited to, (a) medical, psychological, psychiatric or counseling reports, or other documents which reflect the nature and extent of Plaintiff's injury or illness; (b) bills reflecting the date of, nature of, and/or amount paid for counseling, medical, psychological or psychiatric treatment or diagnosis; and (c) notes, correspondence or other documents which reflect the Plaintiff's need for, attempt to obtain, nature of, and/or amount paid for counseling, medical, psychological or psychiatric treatment or diagnosis.

12. All documents which evidence, relate to, or otherwise pertain to conversations or other communications with, or statements by, Venator Group Retail, Inc., relating in any manner to

any and all matters encompassed by the Complaint or Venator Group Retail Inc.'s Answer and Defenses to the Complaint.

13. All documents which evidence, relate to, or otherwise pertain to notes or other documents made by Plaintiff that relate in any manner to any and all matters encompassed by the Complaint or Venator Group Retail Inc.'s Answer and Defenses to the Complaint.

14. All documents used in the preparation of or identified in Plaintiff's response to Venator Group Retail Inc.'s First Set of Interrogatories, specifying for each document the interrogatory to which it applies.

15. All federal and state income tax returns prepared by Plaintiff (and/or Plaintiff's spouse, if returns were jointly filed) for the tax years 1998 and 1999. This request includes all supporting schedules and documents, such as W-2 forms, 1099 forms and the like, even if the documents were not filed.

16. All income and expense records, agreements, and documents relating in any way to any corporation, partnership, joint venture, proprietorship or other business entity in which Plaintiff has or had any interest whatsoever, during the period May 22, 1998 to the present.

17. All documents relating in any way to Plaintiff's efforts to obtain employment, during the period from May 22, 1998 to the present, including, but not limited to, applications, letters, resumes, job offers and rejections.

18. All documents relating in any way to jobs held by Plaintiff during the period from May 22, 1998 to the present, including, but not limited to, paychecks and stubs, employee handbooks, descriptions of benefit plans offered, job descriptions, personal documents kept by Plaintiff, disciplinary reports, evaluations and awards.

19. All documents evidencing, reflecting or commenting upon, any awards, special recognition, letters of commendation or criticism, and audit results regarding Plaintiff or the store she managed while working for Defendant.

Respectfully submitted,
BROAD AND CASSEL

By: /s/ Alan M. Gerlach
ALAN M. GERLACH, ESQUIRE
Florida Bar No. 199184
390 N. Orange Ave., Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorneys for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to KELSAY D. PATTERSON, ESQUIRE, Michael M. Tobin, P.A., 1099 Ponce de Leon Boulevard, Coral Gables, FL 33134, this 27th day of April, 2000.

/s/ Alan M. Gerlach
ALAN M. GERLACH, ESQUIRE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,                               CASE NO.: 00-6119-CIV-LENARD

    Plaintiff,                             Magistrate Judge TURNOFF

v.

VENATOR GROUP RETAIL, INC. ,f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.
_____/

## PLAINTIFF'S NOTICE OF FILING RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Plaintiff, TRINA ROLLIE, by and through undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, hereby gives Notice of Filing Responses to Defendant's First Request for Production as follows:

1. See deposition of Willy Gugel, July 1999 in the Sharief matter; See deposition of Jeffrey Bjork in the Sharief matter; form 31 and training documents of Meredith Infeld and Deshannon Phillips during the time period they both were in Phase III training. These items are within the custody, control, and possession of the Defendant.

2. See the above response with respect to Deshannon Phillips and Meredith Infeld.

3. Obtain trial transcript of Jeffrey Bjork's direct and cross examination in the Sharief matter, store evaluations/manager evaluations for Debra Sharief; store evaluation/manager evaluations for Meredith Infeld; store evaluations/managers evaluations for the Plaintiff. All trial transcripts and deposition testimony of Paul Campbell and Paul Newman related to both this matter and the Debra Sharief matter. The Defendant has control and custody of these items.

4. None at this time, will supplement and forward when they are obtained.

5. None.

6. None as of this time, will forward when these documents are available.

7. See March of 1996 letter from Plaintiff to Paul Campbell. This document is in the possession and control of the Defendant.

8. None.

9. See deposition and trial transcripts of all of the persons who testimony was elicited in connection to Debra Sharief's employment discrimination against the Defendant and the depositions that have presently been taken thus far in connection to my lawsuit.

10. None.

11. None at this time.

12. See response to number 9.

13. None other than the documents which have already been referenced.

14. None.

15. Will forward.

16. None.

17. None in the Plaintiff's custody, control, or possession.

18. Objection, irrelevant, not calculated to lead to any admissible evidence as it would not pertain to the employment terms and conditions the Defendant subjected to the Plaintiff to while in their employ. Notwithstanding said objection, the Defendant is welcome to meet at the counsel for Plaintiff's office to review present and past pay check stubs, and employee handbooks of her present employer. Plaintiff has no other documents that would come within the parameter of this request.

19. These documents are within the custody and control of the Defendant and will not be reproduced as it would be burdensome and time consuming because the Defendant has the originals of all of these documents.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28th day of June, 2000 to: Alan M. Gerlach, Esq., Broad & Cassel, P.A., 390 N. Orange Avenue, Suite 1100, Orlando, Florida, 32801.

MICHAEL M. TOBIN, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, FL 33134-3319
Ph: 305/445-5475
Fax: 305/445-5479

BY: *Kelsay D. Patterson*
Kelsay D. Patterson
Florida Bar No. 119784

4



**BROAD AND CASSEL**
ATTORNEYS AT LAW

390 NORTH ORANGE AVENUE
SUITE 1100
ORLANDO, FLORIDA 32801
PO BOX 4961 (32802-4961)
TELEPHONE: 407.839.4200
FACSIMILE: 407.425.8377
www.broadandcassel.com

ALAN M. GERLACH
DIRECT FACSIMILE: (407) 650-0922
EMAIL: agerlach@broadandcassel.com

July 6, 2000

**VIA U.S. MAIL**

Kelsay D. Patterson, Esq.
Michael M. Tobin, P.A.
1099 Ponce de Leon Blvd.
Coral Gables, Florida 33134

       RE: Rollie v. Venator Group Retail, Inc.
          Case No.: 00-6119-CIV-Lenard/Turnoff

Dear Mr. Patterson:

  I am in receipt of your client's answers to interrogatories and response to Defendant's First Request for Production of Documents. Some of the responses seem to me to be inadequate, and before preparing a motion to compel, I wanted to give you the opportunity to provide further information.

  Interrogatory No. 11. This interrogatory is not limited to what the Plaintiff has in her custody or possession but requests information concerning any person who either has knowledge about, or possession, custody or control of, the types of items described in the interrogatory. Is the Plaintiff aware of any such person?

  Request No. 13. Please indicate which responses you are incorporating by reference.

  Request No. 15. Please send us the federal and state income tax returns and the supporting schedules and documents referenced in this request.

  Request No. 17. Does Plaintiff really have nothing pertaining to her efforts to obtain employment after leaving Lady Foot Locker?

  Request No. 18. Because your responses are untimely, your objection is waived. Even were this not the case, the request is reasonably calculated to lead to the discovery of admissible evidence because it seeks to discover information concerning Plaintiff's interim earnings, which directly bear on the amount of backpay recoverable in this case. The request for employee handbooks of later employers is also reasonably calculated to lead to the discovery of admissible evidence, because such manuals often include an explanation of the benefits to which she would have been and is entitled. This information would also impact the amount of any award for backpay in the event your client is successful in this case.

July 6, 2000
Page 2

**Request No. 19.** I learned from the <u>Sharief</u> case that Defendant does not always have copies of the kinds of items included in this request. The request is completely reasonable and is neither "burdensome" nor "time consuming." We are entitled to see what awards and other documents pertaining to her performance Plaintiff has in her possession. Obviously, it is not necessary to copy plaques, statuettes or the like. These can be brought to Plaintiff's deposition.

With respect to her deposition, assuming I can get a more complete response to the discovery requests above, I would like to take it either in late July or early August. My preference would be to convene the deposition at the Miami office of Broad and Cassel. Please contact my secretary, Ruth Ward, with dates on which you are available during that time frame. I anticipate that the deposition will take one full day.

Very truly yours,

Alan M. Gerlach

AMG:rw