UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,                                          CASE NO. 00-6119 CIV-HUCK

      Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION
a New York corporation, and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION
a New York corporation

      Defendants.
_____/

## DEFENDANT'S MOTION TO COMPEL SUPPLEMENTAL ANSWERS TO FIRST SET OF INTERROGATORIES TO PLAINTIFF AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, and pursuant to Rule 37, Fed. R. Civ. P., and Rule 26.1(H)(2), of the Local Rules for the U.S. District Court for the Southern District of Florida, hereby files its Motion to Compel Supplemental Answers to First Set of Interrogatories to Plaintiff, and would show the Court as follows:

### INTRODUCTION

On February 3, 2000 Defendant served its First Set of Interrogatories to Plaintiff, a copy of which is attached hereto as Exhibit "A". On June 28, 2000, Plaintiff served her Answers to Defendant's First Set of Interrogatories, a copy of which is attached hereto as Exhibit "B".

### INTERROGATORY 11

Defendant's Interrogatory 11 is as follows:

11.    State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any

NON-COMPLIANCE OF S.D. fla. L.R.

fact or issue involved in this controversy; and describe as to each, what items such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

Plaintiff's response to Interrogatory 11 is as follows:

      11.    The Plaintiff has no item in her custody or possession that would fit within the parameter of this request.

Plaintiff's response is insufficient. This interrogatory is not limited to only what the Plaintiff has in her custody or possession, but requests information concerning any person who either has knowledge about, or possession, custody or control of, the types of items described in the interrogatory. If Plaintiff is not aware of any person who has either knowledge about, or possession, custody or control of, the types of items described, then she should so state. Accordingly, Plaintiff should be required to serve a supplemental response to Interrogatory 11.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL AND CERTIFICATE OF COUNSEL

On February 3, 2000 Defendant served its First Set of Interrogatories to Plaintiff. On June 28, 2000, Plaintiff served her Answers to Defendant's First Set of Interrogatories. On July 6, 2000, Counsel for the Defendant conferred with Plaintiff's counsel in writing to request further information regarding these interrogatory answers in an effort to resolve this matter without the necessity of a motion. A copy of this letter has been attached hereto as Exhibit "C". Plaintiff's counsel did not respond to this letter. In addition, on July 28, 2000 and August 4, 2000, Counsel for the Defendant attempted to contact Plaintiff's counsel via telephone regarding this matter, was advised that he was unavailable, and left a message requesting a return phone call. However, Plaintiff's counsel has failed to return either of these messages.

      Pursuant to Rule 37, Federal Rules of Civil Procedure, the Court should find that the Defendant is entitled to receive a complete answer to the interrogatory. Additionally, the Court

should also find that the Defendant is entitled to recover its reasonable attorneys' fees associated with this motion.

WHEREFORE, Defendant respectfully requests that the Court enter an order granting this motion, compelling Plaintiff to supplement her answer to Interrogatory 11, finding that Defendant is entitled to its reasonable attorneys' fees and costs, and reserving jurisdiction to determine the amount of those fees and costs.

Respectfully submitted,

ALAN M. GERLACH
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to KELSAY D. PATTERSON, ESQUIRE, Michael M. Tobin, P.A., 1099 Ponce de Leon Boulevard, Coral Gables, FL 33134, this _10_ day of August, 2000.

ALAN M. GERLACH, ESQUIRE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,

      Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,         Case No. 00-0131-CIV-LENARD
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

      Defendants.

_____/

## DEFENDANT'S NOTICE OF SERVICE
## OF INTERROGATORIES

COMES NOW, Defendant, VENATOR GROUP RETAIL, INC., by and through its

undersigned counsel, and gives notice that the attached Interrogatories to Plaintiff, numbered 1

through 12, have been served upon counsel for Plaintiff this 3rd day of February, 2000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that an original and one copy of the foregoing has been furnished
by U.S. Mail to Kelsay D. Patterson, Esquire, MICHAEL M. TOBIN, P.A., 1099 Ponce de Leon
Blvd., Coral Gables, Florida 33134, this ___ day of February, 2000.

ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,

       Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,           Case No. 00-0131-CIV-LENARD
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

       Defendants.

_____/

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW the Defendant VENATOR GROUP RETAIL, INC., by and through its

undersigned counsel, and, pursuant to the provisions of Rule 33, Federal Rules of Civil Procedure,

propounds the following interrogatories numbered 1 through 12 to Plaintiff, TRINA ROLLIE, to be

answered in writing, under oath, and within the time provided by law.

### I.  INTRODUCTION AND DEFINITIONS

       A.      Each interrogatory herein seeks all information available to Plaintiff, her attorneys or

agents, and any other person acting on her behalf.  Each of the interrogatories shall be deemed to be

continuing in nature, and it is requested that Plaintiff serve upon Defendant supplemental answers

where applicable.

       B.      As used herein, the terms "you" or "your" refer without limitation to Plaintiff as well

as to her attorneys, agents, and representatives.

C.    As used herein, "person'" shall mean an individual, firm, partnership, corporation, proprietorship, association, or another organization or entity.

D.    As used herein, "document" is used in its customary broad sense to mean every writing or record of every type and description that is in the possession, control, or custody of Plaintiff, including without limitation, the following items, whether printed, taped or recorded, filmed, reproduced by any process, written or produced by hand, and whether an original, master or copy, namely: agreements, communications, including intracompany communications and correspondence; cablegrams, radiograms and telegrams; notes and memoranda; computer printouts; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books, manuals, publications and diaries; charts, financial records and/or summaries of financial records of any kind; photographs; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; reports and summaries of negotiations; drafts of originals or preliminary notes on, and marginal comments appearing on, any documents; other reports and records; any other paper or physical thing containing writing; every copy of such writing or record where the original is not in the possession, custody, or control of Plaintiff, and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

E.    When asked to identify a person or individual who may have knowledge about particular facts, you should name the person and provide at least sufficient, information to enable the person to be subpoenaed, including his or her present or last known address and telephone number and his or her occupation, job title, business affiliation, nature of business, and its address.

F.    When asked to "describe" or "identify" a particular document or documents, you should provide sufficient descriptive information to enable the document to be subpoenaed, including at least its title and/or subject matter; its date, its author(s) or person(s) signing the document; the intended recipient of the document; and its location and present custodian.

G.    When the identification and description of documents are requested by these interrogatories, Plaintiff may, in lieu of identifying and describing the documents, attach legible copies of the documents to the response to these interrogatories, provided that each document is appropriately marked to identify the interrogatory to which the document is responsive.

H.    When used herein in connection with the term "statement," "identify" or "describe" shall mean to state the name of the speaker or author, the date or approximate date when the statement was made, the location or place where the statement was made, how it was made (in writing, orally, etc.), to whom it was made, the identity of any persons who were present or may have overheard the statement, the identity of any documents that record, refer to or relate to the comment or statement and the exact words of the statement if the statement was oral or no writing still exists.

I.    As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including its relationship to other events).

## II.    **INTERROGATORIES**

1.      List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten years.

**ANSWER:**

2.      List all former names and when you were known by those names.   State all addresses where you have lived for the past ten years, the dates you lived at each address, your social security number, your date of birth, and, if you are or have ever been married, the name of your spouses or spouses.

**ANSWER:**

3.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprionsment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

**ANSWER:**

4.    List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the defendant Venator Group Retail, Inc.'s (formerly Kinney Shoe Corporation) conduct described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for each was incurred.

**ANSWER:**

5.     Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the defendant Venator Group Retail, Inc.'s (formerly known as Kinney Shoe Corporation) actions described in the complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**ANSWER:**

6.     Has anything been paid or is there anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**ANSWER:**

7.      List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**ANSWER:**

8.      List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past ten years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

**ANSWER:**

9.    List the names and addresses of all persons who are believed or known by you, your

agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and

specify the subject matter about which the witness has knowledge.

**ANSWER:**

10.    Have you heard or do you know about any statement or remark made by or on

behalf of any party in this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so,

state the name and address of each person who made the statement or statements, the name and

address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

11.     State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what items such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

12.     Please state if you ever have been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

**ANSWER:**

Dated this _____ day of _____, 2000.


_____
TRINA ROLLIE


STATE OF FLORIDA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this _____ day of _____, 2000, by TRINA ROLLIE, who is personally known to me or who has produced _____ as identification and who did take an oath.


_____
Notary Public
Printed Name: _____
Commission #: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,

CASE NO.: 00-6119-CIV-FERGUSON

Plaintiff,

Magistrate Judge TURNOFF

v.

VENATOR GROUP RETAIL, INC. ,f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

Defendants.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF FILING ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, TRINA ROLLIE, by and through undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, hereby gives Notice of Service of Filing Answers to Defendant's First Set of Interrogatories.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 28 day of June, 2000 to: Alan M. Gerlach, Esq., 390 N. Orange Avenue, Suite 1100, Orlando, Florida, 32801.

MICHAEL M. TOBIN, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, FL 33134-3319
Ph: 305/445-5475
Fax: 305/445-5479
BY: Kelsay D. Patterson
Kelsay D. Patterson
Florida Bar No. 119784

1

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1.  a). Winn-Dixie- Gainesville, Florida, cannot recall specific address nor dates of employment, rate of pay: $5.75 per hour;

    b). Lady Foot locker- 11401 Pines Blvd., Pembroke Pines, Florida, dates of employment: 1991- 1998, rate of pay: $40,000.00 per year;

    c). Lane Bryant-8000 Broward Mall, Plantation, Florida, date of employment: 3 months in 1998, rate of pay: $40,000.00 per year;

    d). American Express- 777 American Express Way, Plantation, Florida, date of employment: September of 1998 through December of 1999, rate of pay: $20,000.00 per year;

    e). Enterprise Rent-A-Car- 25 Pembroke Road, Hallandale, Florida, date of employment: from December of 1999 to present, rate of pay: $28,000.00 per year.

2.  No other names. S.S. #: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, D.O.B.: 05/12/68. Unmarried, past addresses in the last ten (10)years to the best of my recollection are as follows: I lived in Gainesville, Florida until 1991. Since 1991 I have lived at 7800 Venetian Street, Miramar, Florida, 33023.

3.  No.

4.  Other than lost income and/or earning capacity, I have suffered non-economic damages including humiliation, embarrassment, and mental anguish as a result of being discriminated against by the Defendant. I cannot assess the

monetary value of these damages, but I am certain that a jury could render a fair value.

5.  I do contend that I have lost income, benefits, and earning capacity in the past and future as a result of Kinney Shoe Corporation's discriminatory acts against me. I am presently reviewing my income and wage documents with an economist in comparison to the wage and salary documents provided by the Defendant, and when a cognizable estimate or summary is ascertained these figures will be forwarded to the Defendant as a supplementary response. As of this time, no figures are yet available.

6.  No.

7.  None.

8.  Dr. Davila- 1150 North 35th Avenue, Suite 400, Hollywood, Florida 33021; Dr. Chung-James, 581 NW 183rd Street, Miami, Florida.

Dr. Davila was my obstetrician and saw him during my pregnancy. Dr. Chung-James is my primary care physician and I see him once a year for routine check-ups.

a).  Jeffery Bjork, c/o Venator Group Retail;

b).  Meredith Infeld, c/o Venator Group Retail;

c).  Antonio Fernandez, 19499 NE 10th Avenue, Apt 522, North Miami Beach, Florida 33179;

d).  Debra Sharief, 7071 NW 29th Avenue, Miramar, Fl 33023;

3

e). Emily Hammond, c/o Venator Group Retail;

f). Paul Campbell, c/o Venator Group Retail;

g). Paul Newman, 100 Deforest Avenue, Eat Hanover, NJ

h). Yolanda Johnson, c/o Venator Group Retail, 163rd Street Mall, Miami, Florida;

i). Willy Gugel, c/o Venator Group Retail

j). Deshannon Phillips c/o Venator Group Retail

The above listed witnesses including the Plaintiff/myself, will have knowledge with regard to the subjective promotion policies and practices exercised by the Defendant, management criteria and evaluation, and job training and advancement. They also have knowledge and have experienced the complaint process with respect to making a complaint or having been advised of the complaint process through the Defendant's training.

10. I am aware of several statements made by the Defendant and its representatives as a result of litigation instigated by Debra Sharief against the Defendant. As I understand it, the same defense firm known as Broad & Cassel defended the matter against Ms. Sharief, and would be aware of trial testimony and depositions of witnesses such as: Willy Gugel, Jeffrey Bjork, Paul Campbell, Meredith Infeld, Laura Frederickson, Celia Gonzalez, Antonio Fernandez, Denise Ryans, and my own deposition.

11. The Plaintiff has no item in her custody or possession that would fit within the parameter of this request.

4

12. Never.

Dated this _15_ day of _March_, 2000.

_Trina Rollie_
TRINA ROLLIE

STATE OF FLORIDA
COUNTY OF _Broward_

The foregoing instrument was acknowledged before me this _15th_ day of _March_, 2000, by TRINA ROLLIE, who is personally known to me or who has produced _DL# R400-812-68-672-0_ as identification and who did take an oath.

_Iris M Vigo_
Notary Public
Printed Name: _____
Commission #: _____

OFFICIAL NOTARY SEAL
IRIS M VIGO
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC732003
MY COMMISSION EXP. APR. 8,2002



**BROAD AND CASSEL**
ATTORNEYS AT LAW

390 NORTH ORANGE AVENUE
SUITE 1100
ORLANDO, FLORIDA 32801
PO BOX 4961 (32802-4961)
TELEPHONE: 407.839.4200
FACSIMILE: 407.425.8377
www.broadandcassel.com

ALAN M. GERLACH
DIRECT FACSIMILE: (407) 650-0922
EMAIL: agerlach@broadandcassel.com

July 6, 2000

**VIA U.S. MAIL**

Kelsay D. Patterson, Esq.
Michael M. Tobin, P.A.
1099 Ponce de Leon Blvd.
Coral Gables, Florida 33134

RE:    Rollie v. Venator Group Retail, Inc.
       Case No.: 00-6119-CIV-Lenard/Turnoff

Dear Mr. Patterson:

I am in receipt of your client's answers to interrogatories and response to Defendant's First Request for Production of Documents. Some of the responses seem to me to be inadequate, and before preparing a motion to compel, I wanted to give you the opportunity to provide further information.

Interrogatory No. 11. This interrogatory is not limited to what the Plaintiff has in her custody or possession but requests information concerning any person who either has knowledge about, or possession, custody or control of, the types of items described in the interrogatory. Is the Plaintiff aware of any such person?

Request No. 13. Please indicate which responses you are incorporating by reference.

Request No. 15. Please send us the federal and state income tax returns and the supporting schedules and documents referenced in this request.

Request No. 17. Does Plaintiff really have nothing pertaining to her efforts to obtain employment after leaving Lady Foot Locker?

Request No. 18. Because your responses are untimely, your objection is waived. Even were this not the case, the request is reasonably calculated to lead to the discovery of admissible evidence because it seeks to discover information concerning Plaintiff's interim earnings, which directly bear on the amount of backpay recoverable in this case. The request for employee handbooks of later employers is also reasonably calculated to lead to the discovery of admissible evidence, because such manuals often include an explanation of the benefits to which she would have been and is entitled. This information would also impact the amount of any award for backpay in the event your client is successful in this case.

July 6, 2000
Page 2

Request No. 19.  I learned from the Sharief case that Defendant does not always have copies of the kinds of items included in this request. The request is completely reasonable and is neither "burdensome" nor "time consuming."  We are entitled to see what awards and other documents pertaining to her performance Plaintiff has in her possession.  Obviously, it is not necessary to copy plaques, statuettes or the like.  These can be brought to Plaintiff's deposition.

With respect to her deposition, assuming I can get a more complete response to the discovery requests above, I would like to take it either in late July or early August.  My preference would be to convene the deposition at the Miami office of Broad and Cassel.  Please contact my secretary, Ruth Ward, with dates on which you are available during that time frame. I anticipate that the deposition will take one full day.

Very truly yours,

Alan M. Gerlach

AMG:rw