UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC. ,f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.
_____/

CASE NO.: 00-6119-CIV-HUCK

Magistrate Judge Brown

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE

Plaintiff, by and through undersigned counsel, in accord with the Florida Rules of Civil Procedure, hereby file the above entitled pleading and states as follows:

1. The Defendant's Motion is a thinly veiled attempt to provoke the wrath of this Honorable Magistrate against the undersigned attorney. While the undersigned is sorrowful that his Honorable Court deemed his last pleading to be "somewhat cavalier" (Order of October 12, 2000 Awarding Sanctions), it was never intended to convey that sentiment. In addition to the effort and good faith the undersigned attempted to show with regard to answering the Defendant's Request to Supplement Plaintiff's Answers, the undersigned had also first chaired two (2) jury trials within this one (1) month time parameter. (Case No. 97-105-CA, in the Circuit Court of the 19th Judicial Circuit, Martin

1

County, <u>James Parker v. J. & J. Baker Enterprises</u> before the Honorable Circuit Judge Ben Byran, Jr., August 7-8, 2000; and Case No. 98-13966-CA 23, in the Circuit Court of the 11th Judicial Circuit, Dade County, <u>Nancy Nguyen v. David Auerbach,</u> before the Honorable Circuit Judge Amy Steele Donner, August 10-11, 2000. Notwithstanding these jury trials and the Defendant's request to supplement the Plaintiff's responses. The undersigned's mailing to the Defendant went out the day before the Defendant served its motion. Now the Defendant is attempting to provoke the Court to further sanction the undersigned or the Plaintiff's case by dedicating literally half of its pleading to what it coins as the "Plaintiff's disregard for applicable rules" (Page 2 of the Defendant's Motion, 4th paragraph). While it is certainly in the Court's sound discretion to sanction parties and persons for certain conduct, this Court should be mindful that when the Defendant failed to forward the Joint Scheduling Report as per the local rules, the Defendant's response was tantamount to "I must have forgotten to do it". If such a response evades sanctions imposed *sua sponte*, it is not for the Plaintiff to question the Court's reasoning. While the Defendant laments the Plaintiff's disregard for applicable rules, attached as **Exhibit 1** is the Defendant's Response to Plaintiff's First Request for Production served upon the Plaintiff on October 26, 2000. Plaintiff served her First Request with the Complaint filed on January 12, 2000. To say that the Defendant's delayed seven (7) month response was tardy, is an understatement. The Court's uncharacteristically strong and pointed words in its Order of October 12th has given the Defendant reason to believe the Court will further punish if adequately prompted.

2. Prior to the deposition of Jeffrey Bjork that did take place in Rochester, MN on October 18, 2000, the undersigned had spoken to defense counsel about the economic damages testimony. The parties discussed the matter and were in near agreement about the figures. At the deposition of Mr. Bjork, the undersigned told defense counsel that if the matter failed to mediate two (2) days later on October 20, 2000, that he would make Dr. Clarkson available for deposition whenever counsel desired. This representation should be underscored by the complete lack of prejudice in light of a trial date set for January, 2002. Defense counsel's only sentiments was, "since you're late, maybe I'll file a motion to strike, who knows". Defense counsel did in fact call the undersigned's office on November 1, 2000, and in my absence simply told the secretary that he was going to file a motion to strike the Plaintiff's expert. Such a representation was meant to satisfy the local rule, but it could not in substance be a legitimate effort to confer or resolve this matter. A substantively hollow effort merely advising opposing counsel of your pleading plan without an alternative for avoiding said route, should not be considered an effort at all.

3. The Defendant does not contend that its defense is prejudiced in any way. The Defendant is hopeful that a temporal procedural disclosure that leaves it unaffected will be met with the grand prize/punishment of striking a key witness. The cases the Defendant offers condones this conduct on the part of the Court in the gravest of circumstances. In fact, <u>China Resource Products v. Fayda International</u>, 856 F.Supp. 856 (D. Del. 1994) says that expert testimony was excluded <u>only</u> because an expert report was <u>never</u> provided prior to trial. Willful gross neglect and trial by ambush are the two (2) factors to balance. The Defendant's nonsensical reasoning that "fundamental fairness

3

requires that the disclosure be stricken because Defendant never retained an economist expert" makes absolutely no sense notwithstanding 14 months time between the disclosure and the trial date.

4. Finally past, present, and future earnings that take into account pay raises, treasury note interest rates, present value, future value, the annual rate of growth, the value of 401k plans, dental/health plans, and upward mobility in the Plaintiff's occupational field are known to be the province of economic experts. If the Defendant will stipulate to Dr. Clarkson's report and all of the figures in his forthcoming supplement, and allow this report into evidence, then no expert testimony will be needed. If the matters are all so elementary that any juror could figure out present value, how to discount for it, and factor in the anticipated growth rate for the U.S. economy, then let the Defendant stipulate to Dr. Clarkson's figures.

## CONCLUSION

If the undersigned has shown any lack of respect to this Court, please accept my humblest apologies. However, the Defendant's motion should properly be denied as it would be unfair to strike the Plaintiff's only expert witness when the Defendant has suffered no prejudice. These technical economic and mathematical matters will not fall in the area of common/ordinary knowledge for which most people understand. Courts have struggled with explaining present value to juries when reading the jury instructions. If the Court upon hearing the testimony of Dr. Clarkson decides it did not help the finder of facts with specialized expertise of technical information, his testimony can then be stricken or limited.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 9th day of November, 2000 to: Alan M. Gerlach, Esquire, 390 N. Orange Avenue, Suite 1100, Orlando, Florida, 32801.

        MICHAEL M. TOBIN, P.A.
        1099 Ponce de Leon Boulevard
        Coral Gables, FL 33134-3319
        Ph: (305) 445-5475
        Fax: (305) 445-5479

BY: *Kelsay D. Patterson* (signature)
        Kelsay D. Patterson
        Florida Bar No. 119784

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

      Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION
a New York corporation, and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION
a New York corporation

      Defendants.
_____/

CASE NO. 00-6119-CIV-HUCK

RECEIVED
OCT 2 6 2000

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby serves its Response to Plaintiff's First Request for Production of Documents and states as follows:

1. Defendant has produced all documents which exist in its possession that are in response to Request No. 1. Such documents were included under this request or with documents responsive to Request No. 4.

2. Defendant has produced all documents which exist in its possession that are in response to Request No. 2.

3. Defendant has produced all documents which exist in its possession that are in response to Request No. 3. Such documents were included with documents responsive to Request No. 4.

4. Defendant has produced all documents in its possession that are in response to Request No. 4.

PLAINTIFF'S EXHIBIT 1

5.  Defendant has produced all documents in its possession that are in response to Request No. 5.

6.  Defendant has produced all documents in its possession that are in response to Request No. 6.

7.  Defendant has produced all documents in its possession that are in response to Request No. 7. Such documents were included with documents responsive to Request No. 8.

8.  Defendant has produced all documents in its possession that are in response to Request No. 8.

9.  Defendant has produced all documents in its possession that are in response to Request No. 9.

10. Defendant has produced all documents in its possession that are in response to Request No. 10. Such documents were included with documents responsive to Request No. 8.

11. Defendant has produced all documents in its possession that are in response to Request No. 11.

12. Defendant objects in part to this request on the grounds that it is not a request for production, but is an interrogatory. Further, the request seeks information well beyond the statute of limitations in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Defendant has produced all non-objectionable documents in its possession that are in response to Request No. 12.

13. See objection to Request No. 12. Notwithstanding these objections, Defendant has produced all non-objectionable documents in its possession that are in response to Request No. 13.

2

14. Defendant has produced all documents in its possession that are in response to Request No. 14.

15. Defendant objects to Request No. 15 on the grounds that it is vague, burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and that compliance therewith imposes a greater burden on the Defendant than any benefit to be gained by the Plaintiff. Further, the Request is really an interrogatory rather than a request for production.

16. Defendant has produced all documents in its possession that are in response to Request No. 16.

17. Defendant has produced all documents in its possession that are in response to Request No. 17.

18. Defendant has produced all documents in its possession that are in response to Request No. 18.

19. Defendant has produced all documents in its possession that are in response to Request No. 19.

20. Defendant has produced all documents in its possession that are in response to Request No. 20.

21. Defendant objects to Request No. 21 insofar as it seeks tax forms and records prior to 1995 on the grounds that this request antedates the statute of limitations, is not reasonably calculated to lead to the discovery of admissible evidence in this case, and is unduly burdensome. Notwithstanding this objection, Defendant has produced all non-objectionable documents in its possession that are in response to Request No. 21.

22. See objection to Request No. 21. Notwithstanding this objection, Defendant has produced all non-objectionable documents in its possession that are in response to Request No. 22.

23. Defendant has produced all documents in its possession that are in response to Request No. 23.

24. Defendant does not have any such documents in its possession that are in response to Request No. 24 as this request is not answerable as drafted.

25. Defendant does not have any such documents in its possession that are in response to Request No. 25.

26. Defendant does not have any such documents in its possession that are in response to Request No. 26.

27. Defendant does not have any such documents in its possession that are in response to Request No. 27 as this request is not answerable as drafted.

28. Defendant does not have any such documents in its possession that are in response to Request No. 28.

Respectfully submitted,

*[signature]*

ALAN M. GERLACH
Florida Bar No. 199184
BROAD AND CASSEL
390 North Orange Avenue
Suite 1100
Post Office Box 4961
Orlando, Florida 32802-4961
Telephone: (407) 839-4200
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail on this 26th day of October, 2000 to KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

Alan M. Gerlach, Esquire