UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.
                                /

CASE NO. 00-6119-CIV-HUCK

### DEFENDANTS REPLY TO PLAINTIFF'S RESPONSE TO DFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DISCLOSURE

VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, replies to Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Expert Witness Disclosure as follows:

1. In response to Plaintiff's excuses, Defendant states that it did not fail to forward the proposed Joint Scheduling Report and did not respond, "I must have forgotten to do it." In fact, Defendant did forward the Joint Scheduling Report for filing and can only conclude that the proposed Report was lost in the mail or misfiled. See Exhibit "A", which explains this fully.

2. Defendant timely served objections to Plaintiff's First Request for Production. See Exhibit "B". Additionally, Defendant provided Plaintiff's counsel with many hundreds of pages of documents prior to the New York depositions taken on April 20, 2000. Counsel has continued to provide Plaintiff's attorney with additional documents as they have been received from the client. Defendant is a large corporation with many possible sources of documentation



and has been the subject of repeated reorganizations and site closures since Plaintiff was in its employ. Furthermore, there has been an almost complete turnover of relevant personnel in the two plus years since Plaintiff left Lady Foot Locker. Defendant's October Response to Plaintiff's First Request for Production was served after production of approximately 900 pages of documents. At no time did Plaintiff confer with Defendant regarding the request to produce, or file a motion to compel with respect to the interposed objections.

3. The undersigned did more than simply state to Plaintiff's attorney's secretary that he was going to file a Motion to Strike Expert Witness Testimony. He asked that Mr. Patterson return his call so the issue could be discussed, and she suggested a specific time when Plaintiff's counsel could be expected to return to the office and call. Plaintiff places great reliance on the fact that her untimely and inadequate expert witness disclosure was made some fifteen (15) months prior to the scheduled trial date of January 2002. Evidently at the time Mr. Patterson's response was served by mail on November 9, he was unaware that the Court had (without receiving Defendant's written response thereto) granted Plaintiff's Motion for Clarification and rescheduled the trial of this case for late March 2001, some ten months earlier. Plaintiff's reiteration that Defendant has suffered "no prejudice" in this matter should be re-examined in light of this drastically altered trial schedule.

4. It is difficult to credit Defendant's "offer" not to have Dr. Clarkson testify if Defendant will only stipulate to the accuracy of his report "and all the figures in his forthcoming supplement, and allow this report into evidence." The only thing worse than allowing Dr. Clarkson to testify would be allowing the jury to have unfettered access to his report and "figures" without any kind of cross-examination. As noted, Clarkson's analysis is predicated on the completely faulty premise that Plaintiff was constructively discharged. Since she was not,

she is not eligible for either back pay from the date of her departure nor for front pay. And what of Plaintiff's tantalizing reference to a "forthcoming supplement," even more untimely than the original disclosure?

For all the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Strike Plaintiff's Expert Witness Disclosure.

Respectfully submitted,

*/s/ Alan M. Gerlach*
ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Kelsay D. Patterson, Esquire, MICHAEL M. TOBIN, P.A., 1099 Ponce de Leon Blvd., Coral Gables, Florida 33134, this 16th day of November, 2000.

*/s/ Alan M. Gerlach*
Alan M. Gerlach, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.

CASE NO. 00-6119-CIV-LENARD
Magistrate Judge TURNOFF

/

### DEFENDANT'S RESPONSE TO THE
### COURT'S ORDER TO SHOW CAUSE

Defendant, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby responds to the Court's Order to Show Cause dated April 26, 2000 as follows:

1. On March 13, 2000, the undersigned caused to be mailed the original of the attached Proposed Joint Scheduling Report to the Clerk's office for the Southern District of Florida, Miami Division. A copy was sent to the office of the Plaintiff's attorney, who had actually prepared the Proposed Joint Scheduling Report in collaboration with the undersigned and had sent it to Defendant's attorney for signature.

2. Defendant is at a loss to understand why the proposed Joint Scheduling Report did not make its way to the Court file as required. Evidently, there was a problem with the mails. However, Defendant is now sending two copies of the Proposed Scheduling Report attached hereto to the Clerk's office, one for filing and one for the Chambers for the Honorable Joan


EXHIBIT A

Lenard, the United States District Judge assigned to this case. Another copy will be sent to counsel for Plaintiff as an attachment to this Response to Order to Show Cause.

Accordingly, acting on behalf of both parties, counsel for Defendant hereby resubmits the Proposed Joint Scheduling Report which was mailed to the office of the Clerk on March 13, 2000.

Respectfully submitted,

*/s/ Alan M. Gerlach*
ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by fax and U.S. Mail to Kelsay D. Patterson, Esquire, MICHAEL M. TOBIN, P.A., 1099 Ponce de Leon Blvd., Coral Gables, Florida 33134, this 28th day of April, 2000.

*/s/ Alan M. Gerlach*
ALAN M. GERLACH, ESQ.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,                              CASE NO.: 00-6119-CIV-LENARD

      Plaintiff,                       Magistrate Judge TURNOFF

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

      Defendants.
_____/

## PROPOSED JOINT SCHEDULING REPORT

The parties, through their respective counsel and in compliance with this Court's Order and Local Rule 16. 1. b. 7, file their Proposed Joint Scheduling Report and state as follows:

### SCHEDULING REPORT CATAGORIES UNDER LOCAL RULE 16.1.B.7:

a). <u>Detailed scheduled for discovery</u>:

    1. June 15, 2000: Parties will furnish counsel with written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify.

    2. November 15, 2000: All fact discovery must be completed

3. September 15, 2000: Plaintiffs must furnish expert witness list to Defendant, along with summary/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen (14) day period thereafter, Plaintiff shall make their experts available for deposition by Defendants.

4. October 15, 2000: Defendants must furnish expert list to Plaintiffs, along with summary/reports required by Local Rule 16.K, and only those expert witnesses shall be permitted to testify. Within the fourteen (14) day period thereafter, Defendants shall make their expert witnesses available for deposition by Plaintiffs.

5. Date Specifics:

   a). All expert discovery must be completed by November 15, 2000.

   b). <u>Likelihood of settlement</u>: The parties have not engaged in detailed discussions but anticipate that settlement will be addressed at mediation.

   c). <u>Likelihood of appearance of additional parties</u>: The parties are currently unaware of any additional parties who may become parties to this action, but all parties must be joined by May 1, 2000.

   d). Proposed time limits:

     i). To join other parties and amend pleadings: May 1, 2000.

     ii). To file and hear all dispositive motions: December 15, 2000.

     iii). To complete discovery: November 15, 2000.

   iv). Mediation Conference by: November 15, 2000.

6.     Trial is expected to take four (4) days.


_Kelsay D. Patterson_
Kelsay D. Patterson, Esquire
MICHAEL M. TOBIN, P.A.
1099 Ponce de Leon Blvd.
Coral Gables, FL 33134

_Alan M. Gerlach_
Alan M. Gerlach, Esq.
Broad & Cassel
390 N. Orange Avenue, Suite 1100
Orlando, Florida, 32801
407/839-4200
fax 407/425-8377

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.

Case No. 00-0131-CIV-LENARD

_____/

## DEFENDANT'S OBJECTIONS TO PLANTIFF'S
## FIRST REQUEST FOR PRODUCTION

Defendant VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby serves its objections to the numbered paragraphs of Plaintiff's First Request for Production as follows:

12.    Defendant objects to this request on the grounds that it is not a request for production but it an interrogatory. Further, the request seeks information well beyond the statute of limitations in this case and is not reasonably calculated to lead to the discovery of admissible evidence.

13.    See objection to Request No. 12.

15.    Defendant objects to Request No. 15 on the grounds that it is vague, burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and that compliance therewith imposes a greater burden on the Defendant than any benefit to be gained by

the Plaintiff thereby. Further, the Request is really an interrogatory rather than a request for production.

21. Defendant objects to Request No. 21 insofar as it seeks tax forms and records prior to 1995 on the grounds that this request antedates the statute of limitations, is not reasonably calculated to lead to the discovery of admissible evidence in this case, and is unduly burdensome.

22. See objection to Request No. 21.

General Objections

1. Defendant objects to production of any documents protected by the attorney-client privilege or the work product principle.

2. Defendant objects to the production of documents at a location other than the office of its counsel.

3. Defendant objects to production of documents without Plaintiff's paying reasonable copying charges therefor.

Respectfully submitted,

BROAD AND CASSEL

_____
ALAN M. GERLACH
Florida Bar No. 199184
390 N. Orange Avenue
Suite 1100
Orlando, FL 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Kelsay D. Patterson, Esquire, MICHAEL M. TOBIN, P.A., 1099 Ponce de Leon Blvd., Coral Gables, Florida 33134, this 28 day of February, 2000.

                                                                              Alan M. Gerlach, Esquire