UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,                           CASE NO.: 00-6119-CIV-HUCK

    Plaintiff,                        Magistrate Judge Brown

v.

VENATOR GROUP RETAIL, INC. ,f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.
_____/



## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERTS

Plaintiff, TRINA ROLLIE, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure, hereby file the above entitled pleading and as grounds state as follows:

1. On Wednesday October 18, 2000, the Plaintiff made known her only intended expert witness to the Defendant. Plaintiff's attorney hand delivered the expert witness disclosure to the Defendant at the deposition of Jeffrey Bjork in Rochester, Minnesota. According to the Joint Scheduling Order, the disclosure of the Plaintiff's expert should have been done on or before September 15, 2000. The Plaintiff's disclosure was thirty three (33) days late.

2. Subsequent to the Plaintiff's disclosure of her expert witness, the case was mediated and resulted in an impasse. The Defendant then moved to strike the Plaintiff's expert on the grounds that said disclosure was untimely.

3. On November 30, 2000, the Court denied the Defendant's motion, yet still ordered the Plaintiff's attorney to pay sanctions in the amount of $350.00 due to his "derelictions".

4. The Defendant was supposed to disclose any and all expert witnesses pursuant to the Joint Scheduling Order by or before October 15, 2000. The Defendant's expert disclosure was to occur 30 days after the Plaintiff's disclosure. While the Plaintiff's witness disclosure was tardy, nothing in the trial order makes the Defendant's disclosure contingent upon the Plaintiff's acts. Secondly, assuming the Defendant should still be afforded 30 days to disclose an expert after the Plaintiff's disclosure, the Defendant's disclosure should have been done on or before November 18, 2000. The Defendant's Motion to Strike Plaintiff's Expert was not a request to stay its on duties to disclose.

5. The undersigned very rarely files these kinds of motions due to temporal procedural violations. Since this Court has demonstrated a lack of tolerance for any violation caused by the Plaintiff's attorney, then it is only just that no defense expert witness be allowed to testify with regard to any issue in this case. If expert testimony is later offered by the Defendant, equal sanctions should be imposed upon the Defendant for its late disclosure. As another option, the Court should allow the Defendant to disclose its expert(s), but retract the sanctions imposed against Plaintiff's attorney.

Sanctions are rarely imposed upon an attorney personally unless he/she has demonstrated bad faith. For instance, a failure to produce a party for deposition after several properly noticed depositions. Sanctions are a black mark on the attorney. Most state and federal courts are reluctant to impose sanctions unless the circumstances are egregious and unspeakable (coaching witnesses, concealing evidence, intentional misrepresentations to the court, etc). In this matter, sanctions have been ordered against the Plaintiff's attorney on two (2) occasions in the past two (2) months where the conduct complained of by the Defendant could hardly be considered bad faith, egregious, or outrageous. Until very recently, the undersigned had never been sanctioned by any state or federal court. If the slightest departure from the Federal Rules of Civil Procedure and/or the Joint Scheduling Order are met with such affirmative action from the Court, then justice and equity suggests it should be apportioned equally to both parties.

6. The undersigned attempted to resolve this matter with the Defendant prior to filing this motion, but was unsuccessful in his efforts.

<u>CONCLUSION</u>

For the foregoing reasons, the Plaintiff seeks an order striking the testimony of any witness who will offer expert testimony on behalf of the Defendant. Further, fees and costs should be imposed due to the necessity of filing the motion at bar.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 1st day of December, 2000 to: Alan M. Gerlach, Esq., 390 N. Orange Avenue, Suite 1100, Orlando, Florida, 32801.

> MICHAEL M. TOBIN, P.A.
> 1099 Ponce de Leon Boulevard
> Coral Gables, FL 33134-3319
> Ph: 305/445-5475
> Fax: 305/445-5479
> BY: *Kelsay D. Patterson*
> Kelsay D. Patterson
> Florida Bar No. 119784