UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,   CASE NO.: 00-6119-CIV-HUCK

    Plaintiff,   Magistrate Judge Brown

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.

_____/



## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION TO STRIKE DEFENDANT'S EXPERTS

The undersigned is at somewhat of a loss to respond to the instant motion.

On the afternoon of Friday, December 1, 2000, I returned Mr. Patterson's call, and he informed me of the Court's ruling on Defendant's Motion to Strike Expert Witness Disclosure. (I did not receive a copy of the Court's order until the following Monday, December 4.) In the course of the conversation Mr. Patterson inquired whether the Defendant planned to use any experts; I said that a decision had not been reached but that I doubted we would do so. I alluded to the fact that, in the Sharief case which involved some of the same parties, issues and counsel, we had not used or designated an economic expert. Mr. Patterson claimed that in that case an expert had been designated by the Defendant, perhaps by another attorney. In any event, we agreed that the Defendant did not actually use an economic expert at the Sharief trial, although we had used a psychological expert in that case, Dr. Sanford Jacboson. In any event, I concluded by advising Mr. Patterson that we hadn't decided whether to use an expert, that I doubted we would, but that I would have to confer with the client before making a final decision in light of the Court's ruling allowing Plaintiff's economic expert to testify.

At no time did Mr. Patterson indicate that he was planning to file a motion to strike Defendant's experts, which of course have never been identified and as yet do not exist. There was no conference or attempt to hold a conference within the meaning of applicable local rules.

This frivolous motion seems to spring more from a situation of hurt feelings and misperceived unfairness than it does from legitimate concern with an issue that is currently truly involved in this case. It misleadingly hints that Defendant has designated experts when in fact it has not. It should be denied, along with the Plaintiff's fees and costs requested due to the false "necessity of filing the motion at bar."

Respectfully submitted,

ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

ORL1\LABOR\354657.1
21719/0021 12/5/00 10:44 AM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this ___ day of December, 2000 to: KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

                                                  Alan M. Gerlach, Esquire
                                                  Florida Bar No. 199184
                                                  BROAD AND CASSEL
                                                  390 North Orange Avenue, Suite 1100
                                                  Orlando, Florida 32801
                                                  Post Office Box 4961 (32802-4961)
                                                  Telephone: (407) 839-4200
                                                  Facsimile: (407) 425-8377
                                                  Attorneys for Defendant

ORL1\LABOR\354657.1
21719/0021 12/5/00 10:44 AM