UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.

_____/

CASE NO.: 00-6119-CIV-HUCK

Magistrate Judge Brown

NIGHT BOX
FILED

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S REQUEST FOR ORAL HEARING

Pursuant to General Rule 7.1C., Local Rules of the U.S. District Court for the Southern District of Florida, Defendant VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby files its Reply Memorandum to Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Request for Oral Hearing.

Plaintiff's Response appears to misapprehend the basis for Defendant's motion. Local Rule 7.1B.1. states that the request for oral argument shall be "in writing by separate request accompanying the motion or opposing memorandum..... The Court in its discretion may grant or deny a hearing as requested, upon consideration of both the request and any response thereto by an opposing party." Accordingly, the Local Rule establishes that the request should accompany the motion or opposing memorandum and specifically contemplates that the other party shall be given a chance to "respond thereto" once the request is served. Thus, Plaintiff's statement that "[n]owhere do the Local Rules even contemplate an objection or opposition to making such a request" is simply false.

Further, the motion to strike is not a "ploy," "shameless" or otherwise, because the Local Rule does contemplate the Defendant's ability to respond to the Plaintiff's request. In fact, as noted, the Local Rules specifically contemplate that the non-requesting party will be heard on the desirability of the request for oral argument.

As for "Defendant's adamant reluctance to argue its own motion," the undersigned can only state it is extremely rare in his experience that federal district courts grant oral arguments on motions for summary judgment, no matter how meritorious they may be.

For all the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Strike Plaintiff's Request for Oral Hearing.

Respectfully submitted,

ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 13th day of February, 2001 to: KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

*[signature]*
Alan M. Gerlach, Esquire
Florida Bar No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
Post Office Box 4961 (32802-4961)
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorneys for Defendant