UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.
_____/

CASE NO.: 00-6119-CIV-HUCK

Magistrate Judge Brown

### DEFENDANT'S MOTION IN LIMINE
### REGARDING TESTIMONY OF DR. KENNETH W. CLARKSON

Pursuant to the Scheduling Order entered by the Court in this case, Defendant VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby moves the Court for an order in limine preventing the testimony of Dr. Kenneth W. Clarkson, Plaintiff's economic expert, in its entirety or, alternatively, preventing Dr. Clarkson from testifying concerning his opinion as to the respective qualifications for promotion of Plaintiff and Meredith Infeld, and as to any backpay to which Plaintiff claims to be entitled after termination of her employment with Defendant as well as to any frontpay.

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE
### REGARDING TESTIMONY OF DR. KENNETH W. CLARKSON

Plaintiff untimely designated Dr. Kenneth W. Clarkson, a member of the Economics Department at the University of Miami, as an expert witness in this case. The incomplete designation of Dr. Clarkson indicated that he would testify as to the Plaintiff's pecuniary losses as a result of the alleged discrimination engaged in by the Defendant. Defendant moved to strike the Plaintiff's expert witness disclosure, but the Court denied the motion, determining that preventing Dr. Clarkson from testifying was too harsh a sanction



and allowing Defendant to raise any additional argument regarding Dr. Clarkson's anticipated testimony via motion in limine.

As permitted by the Court's November 29, 2000 Order, Defendant reiterates its earlier argument that the proposed expert should not be permitted to testify because his testimony does not constitute "scientific, technical, or specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Apparently, all Dr. Clarkson is going to do is to perform mathematical computations that the jury could just as well calculate for itself. Plaintiff's apparent intent is to cloak a completely and legally unsupportable damages calculation in the guise of analysis by a professor of economics. It appears that all Dr. Clarkson has done is take Ms. Rollie's final earnings with the Defendant, add a certain percentage for future raises, and then to deduct her actual earnings therefrom. Again without legal support, Clarkson's "report" (served October 18, 2000) and "updated supplemental report" (served December 8, 2000) appear as well to award Plaintiff "frontpay" in the form of the difference between expected earnings had she remained with the Defendant and some projected future earnings, which constitute a fixed percentage annual increase in her current, significantly lower earnings. The latter sum appears under the misleading heading, "Actual Earnings." These are all calculations that can be made by members of the jury, armed with arguments of counsel, instructions from the Court, applicable tax return information, and, perhaps, a calculator. This lack of necessity for expert testimony to perform the requested calculation provides a viable reason for striking Dr. Clarkson's testimony in its entirety. See <u>Salem v. United States Lines Co.</u>, 370 U.S. 31 (1962).

There is an additional reason for granting the instant motion and precluding Dr. Clarkson's testimony. Local Rule 16.1K. states that the expert witness summaries/reports shall include, in pertinent part, "style of case and name of the court and judge and cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." Even the amended supplemental

2

report does not meet the requirements of the local rule in that it does not include the required material concerning previous testimony. This shortcoming provides an additional, independent ground for striking Dr. Clarkson's anticipated testimony. Indeed, courts have not hesitated to strike expert witness designation and enter preclusion orders under similar circumstances. E.g., Hancock v. Hubbs, 967 F.2d 462 (11th Cir. 1992); Upsher-Smith Laboratories v. Mylan Laboratories, 944 F. Supp. 1411 (D. Minn. 1996); China Resource Production (USA), v. Fayda Int'l, Inc., 856 F. Supp 856 (D. Del. 1994); Bowe v. United States, 574 F. Supp 196 (E.D. Wis. 1983).

Even if the Court should permit Dr. Clarkson to testify, his testimony should be limited to calculating the backpay allegedly due Plaintiff through the date of her voluntary resignation from the Defendant on or about May 22, 1998. The backpay period should run from early August 1997, when Meredith Infeld became manager of the Aventura Mall Lady Foot Locker store, until Plaintiff's voluntary departure in late May 1998. As fully explained by Defendant's Memorandum in Support of its Motion for Summary Judgment filed December 15, 2000, Plaintiff's voluntary resignation, under circumstances not amounting to a constructive discharge, waives any entitlement to backpay after the date of her departure and precludes an award of frontpay as well. Bourque v. Powell Electrical Mfg. Co., 617 F.2d 61, 65-66 & n.8 (5th Cir. 1980); Muller v. U.S. Steel Corp., 509 F.2d 923, 930 (10th Cir. 1975); see also Hill v. Winn-Dixie, 934 F.2d 1518, 1527 (11th Cir. 1991). Indeed, in response to Defendant's Motion for Summary Judgment, Plaintiff stated that she was not arguing that she had been constructively discharged. The large figures for backpay and frontpay to which Dr. Clarkson appears prepared to testify result from a flawed and completely inapplicable damages theory, and will prejudice Defendant by presenting the jury with a very large, but legally unsupportable, number for economic damages. Under these circumstances, the Court should not hesitate to limit Dr. Clarkson's testimony to a computation of the difference between what Rollie would have earned had she become manager of the Aventura Mall and what she in fact did earn between the date of Ms. Infeld's assuming that position and the date of Ms. Rollie's departure from Defendant.

ORL1\LABOR\364825.1
21719/0021 AMG rw 2/12/01 7:44 AM

Finally, Dr. Clarkson testified at his deposition that he was prepared to testify in court that Ms. Rollie was better qualified for Aventura Mall store managership because the store which she managed, Pembroke Lakes, had greater volume sales gains than the stores managed by Meredith Infeld, viz., Galleria and Broward Mall. Such an opinion is well beyond the alleged expertise of this economist. Dr. Clarkson admitted in his deposition that he had never visited any of the stores in question, had no experience in the retail clothing industry, including any experience with specialty items designed for female customers, and knew nothing of promotional or performance criteria other than the store volumes themselves. Under these circumstances, to permit Dr. Clarkson to testify concerning this very important issue--that is, the respective qualifications of Rollie and Infeld--without any showing that he is qualified to render an expert opinion on that topic would be highly prejudicial to Defendant's legitimate interests. Such testimony would further distort the role of the expert as contemplated by Rule 702 and would very likely mislead the jury into believing that Plaintiff's proffered evidence on this topic is supported by "expert opinion."

For all the foregoing reasons, Defendant respectfully requests that the Court preclude Dr. Clarkson's testimony in its entirety or, at the very least, grant the instant motion insofar as it seeks to prevent his testifying as to the relative qualifications of Plaintiff and Ms. Infeld to manage a specific retail store as well as to opine concerning an amount for frontpay and for backpay beyond the termination of Ms. Rollie's employment on May 22, 1998.

Respectfully submitted,

ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

21719/0021 AMG rw 2/12/01 7:44 AM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 22nd day of February, 2001 to: KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

Alan M. Gerlach, Esquire
Florida Bar No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
Post Office Box 4961 (32802-4961)
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorneys for Defendant

ORL1\LABOR\364825.1
21719/0021 AMG rw 2/12/01 7:44 AM