UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.

_____/

CASE NO.: 00-6119-CIV-HUCK

Magistrate Judge Brown



NIGHT BOX FILED

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## DEFENDANT'S MOTION IN LIMINE WITH RESPECT TO DEBRA SHARIEF AND/OR OTHER ANECDOTAL EVIDENCE OF DISCRIMINATION AGAINST OTHER EMPLOYEES

Defendant VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby moves the Court for an Order limiting the testimony of Debra Sharief, remarks of counsel at trial and during voir dire, and introduction of exhibits and other documentary evidence, in accordance with the following instructions:

1.    That no mention be made of the fact that Debra Sharief felt she was discriminated against by the Defendant, that she filed a lawsuit against the Defendant, or its predecessor, that the case was tried, that it resulted in a mistrial after the jury could not reach a verdict, and that the case was later settled;

2.    Except in so far as is necessary to explain the context of Trina Rollie's handwritten memorandum to Paul Campbell dated March 28, 1996, that no mention be made of Debra Sharief's complaints of alleged discrimination by Jeffrey Bjork or other personnel of the Defendant; and

3. That other than as is limited by the first clause in paragraph 2 above, Debra Sharief be instructed not to testify concerning her own claim of discrimination but only to provide such evidence as she has directly relating to Trina Rollie's case against the Defendant.

Although Defendant is unaware of possible additional anecdotal evidence of alleged discrimination against other employees that Plaintiff may intend to introduce in the trial of this case, Defendant respectfully requests that such possible evidence be excluded in limine as well.

The reasons for which the Court should grant this motion and the relief requested therein are set forth in the Memorandum of Law that follows.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE WITH RESPECT TO DEBRA SHARIEF AND/OR OTHER ANECDOTAL EVIDENCE OF DISCRIMINATION AGAINST OTHER EMPLOYEES

Debra Sharief is a friend of Trina Rollie. A fellow black Lady Foot Locker store manager at the time, she made an internal complaint regarding remarks by Mr. Bjork, the district manager, that she found offensive and/or discriminatory. Defendant's Fair Employment Practices Department investigated Sharief's claim, and Mr. Bjork, although found not to have committed any wrongdoing, was given some counseling by Mr. Paul Campbell of the company's Fair Employment Practices Department. Notably, Ms. Sharief's internal complaints did not relate to discrimination in training or in the selection of store managers, i.e., failure to promote. As part of his investigation Mr. Campbell spoke by telephone with Trina Rollie, and at his request she sent him a handwritten memo.

Later, after voluntarily leaving Defendant's employ, Ms. Sharief filed suit under Title VII and 42 U.S.C. § 1981. Debra Sharief v. Kinney Shoe Corporation, Case No. 97-1724-CIV-LENARD, U.S. District Court, S.D. Fla., Miami Division. Defendant won partial summary judgment on some of Sharief's claims. The case was tried by the Honorable Joan Lenard over a period of approximately two weeks in the latter part of August and the early part of September 1999. The case resulted in a mistrial when the jury could not reach a verdict. The parties then were required to attend a mediation conference before Senior

U.S. District Judge Peter Palermo. About a month later, the parties reached a settlement memorialized in an agreement that contains a strong non-disclosure provision.

Just a few months after the Sharief case had been resolved, Ms. Rollie filed suit against the Defendant solely under 42 U.S.C. § 1981. Her counsel in this case are the same individual and the same law firm that represented Ms. Sharief in the earlier case. Ms. Rollie was a witness for Ms. Sharief, both in deposition and at trial. Ms. Sharief and Ms. Rollie are friends, and the undersigned anticipates that Debra Sharief will testify on behalf of the Plaintiff if the Court permits her to do so.[1]

Based on questions posed during depositions in the instant case, the undersigned apprehends the real danger that Plaintiff's counsel will seek to establish Ms. Rollie's case through the case of Debra Sharief that so anticlimactically resulted in a hung jury and a mistrial. The earlier case has been resolved, and Defendant is entitled to a trial on Ms. Rollie's case, not that of someone else. If Plaintiff's counsel is allowed to present testimony directed to the Sharief case, the jury may well find for Plaintiff based not on testimony relating to her claim, but on that of her friend and fellow former Lady Foot Locker store manager, Ms. Sharief.

Two provisions of the Federal Rules of Evidence are implicated by the instant motion. Rule 402 reads:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Debra Sharief's case, as narrowed by the time of trial, involved specifically the selection of a woman named Celia Gonzalez, who had successfully managed a Lady Foot Locker store in Ft. Myers, to become manager of the store located at Dadeland Mall in August1996. Evidence in the Sharief v. Gonzalez Dadeland Mall

---

[1] Filed herewith is Defendant's Motion in Limine Regarding Plaintiff's Failure to Furnish a List of Witnesses and Incorporated Memorandum of Law. If the Court grants the relief requested, of course, Ms. Sharief will not be able to testify because Plaintiff has not provided defense counsel with a list of witnesses as required by Judge Lenard's Scheduling Order.

3

selection is not relevant to the claim of Ms. Rollie that she, rather than Meredith Infeld, should have been selected to manage the Aventura Mall Lady Foot Locker in August 1997.

Alternatively, the Court may find Rule 403 applicable so as to exclude or limit testimony concerning Sharief's claim of discrimination. Rule 403 reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 is directed precisely to what Defendant fears will happen if evidence of the Sharief case is presented to the jury in the instant action: the jury will be confused and misled by the introduction of testimony intended to establish that Sharief rather than Gonzalez should have been selected as the Dadeland Mall store manager. Defendant's legitimate interests will be unfairly prejudiced as a result of this jury confusion, which can only benefit the Plaintiff. Further, the presentation of Sharief case evidence will result in undue delay, waste of time, and needless presentation of cumulative evidence. All of these reasons, as set forth in Rule 403, require the exclusion of testimony concerning the Sharief claim.

In Schrand v. Federal Pacific Elec. Co., 851 F.2d 152 (6th Cir. 1988), the trial court in an age discrimination case admitted testimony of two non-party ex-employees who worked for the same company as plaintiff to the effect that they had been terminated because of their age. The circuit court held that this evidence should have been excluded under Rule 403 as prejudicial, because the plaintiff had provided no other direct evidence of discrimination and this evidence had added a "smoking gun" to his circumstantial evidence. According to the appellate court, this testimony "offered an emotional element that was otherwise lacking." Id. at 155. Finally, the court held that the evidence was confusing because it focused the jury's attention on two totally unrelated events and allowed it to assume a link between the events that was never proven by the plaintiff.

4

Haskell v. Kaman Corp., 743 F.2d 113 (2nd Cir. 1984), was a pattern and practice age discrimination claim. Plaintiff was allowed to have six former company officers testify concerning the circumstances surrounding their terminations and the terminations of other officers over the previous eleven years. The appellate court found the introduction of this testimony to be erroneous, because the witnesses only testified regarding ten terminations over the past eleven years, a sampling which was statistically insignificant to show a pattern and practice of discrimination, thus irrelevant. The court also found the information to be unfairly prejudicial within the meaning of Rule 403. Therefore, the court held that the evidence was not probative of whether the plaintiff was terminated for age-related reasons and was also prejudicial based on the "parade of witnesses" theory (see below) and should have been excluded under Rule 403.

In Goff v. Continental Oil Co., 678 F2d 593 (5th Cir. 1982), the plaintiff alleged discrimination against himself and sought to introduce the testimony of three other former employees who would have recounted incidents in which the defendant had allegedly discriminated against them. The court of appeals affirmed the trial court's ruling that the testimony was irrelevant and properly excluded. The appellate court's theory was enunciated as follows:

> Goff's claim was one of individualized, as opposed to class-wide, discrimination. To prevail he had to show that Conoco purposely discriminated against him. The witnesses Goff wanted to call could not testify as to Conoco's motive, intent or purposefulness in failing to promote Goff.

Id. at 596 (emphasis in original).

The plaintiff in Harpring v. Continental Oil Co., 620 F.2d 406 (5th Cir. 1980), brought a pattern and practice discrimination claim under the ADEA. Harpring offered the testimony of two former employee witnesses who would provide evidence as to specific examples of the employer's discriminatory conduct toward other similarly situated employees. The trial court excluded the proffered evidence under Rule 403 as cumulative and a waste of time. The Fifth Circuit held that, while the testimony of similarly

5

situated employees and the reasons for their discharge is relevant in proving a pattern and practice age discrimination claim, the trial judge had the discretion even in such a case to exclude such evidence under Rule 403 if it would cause undue delay or waste time. Because the testimony was cumulative of the employee's statistics as well, it was not an abuse of discretion for the court to exclude it under the cited rule.

The plaintiff in Morehouse v. Boeing Co., 501 F. Supp. 390 (E.D. Pa.), aff'd, 639 F.2d 774 (3rd Cir. 1980), sought to elicit the testimony of five non-party former employees, each of whom had a pending age discrimination suit against the employer, regarding the circumstances surrounding their respective terminations. The court cited Rule 403 in excluding the evidence, stating that each element of the rule, i.e., prejudice, confusion of the issues, misleading the jury, undue delay, waste of time and needless presentation of cumulative evidence would have resulted had the witnesses been permitted to testify. The court opined that to admit the evidence would have forced the defendant either to justify each witness' layoff or allow the testimony to stand unbutted. This is precisely what the Defendant will have to do in the event that evidence concerning the Sharief case is placed in front of the jury in the instant case. "In the Court's view, even the strongest jury instructions could not have dulled the impact of the parade of witnesses, each recounting his contention that defendant had laid him off because of his age." 501 F. Supp. at 393.

In Pollard v. Rea Magnet Wire Co., Inc., 674 F. Supp. 645 (N.D. Ind. 1986), plaintiff sought to introduce evidence that "Vachon [the supervisor] had a reputation among workers at Rea for being prejudiced against blacks..." Id. at 653. The court found that "reputation" testimony had too little probative value to counteract the prejudice that would occur if the evidence were admitted. This rationale also provides a ground for the exclusion of Sharief's anticipated testimony as well as any other evidence related to her claim against the Defendant's predecessor, Kinney Shoe Corporation.

In the well-known Paula Jones case, the court determined that alleged pattern and practice evidence intended to show that defendant Clinton had a history of harassing women in the workplace "does not have anything to do with the issues presented by the President's and [co-

6

defendant] Ferguson's motions for summary judgment, i.e., whether plaintiff herself was the victim of alleged quid pro quo or hostile work environment sexual harassment... Whether other women may have been subjected to workplace harassment, and whether such evidence has allegedly been surpressed, does not change the fact that Plaintiff has failed to demonstrate that she has a case worthy of submitting to a jury." Jones v. Clinton, 990 F. Supp. 657, 76 FEP Cases 589, 606-607 (E.D. Ark. 1998). Application of the same standard in this case will result in the exclusion of evidence tending to establish that Debra Sharief was a victim of discrimination of the workplace.

As noted in the motion itself, Defendant is unaware of any other witnesses who Plaintiff might call to testify to their own perceptions of being subjected to discriminatory treatment by the Defendant. In an abundance of caution, however, Defendant asks that the Court not limit its ruling in limine to evidence of discrimination against Debra Sharief but to include alleged discriminatory acts against other individuals as well.

For all the foregoing reasons, Defendant respectfully requests that the Court grant its Motion in Limine and ensure that the trial of this matter involves only evidence pertaining to the claim of discrimination of Trina Rollie against her former employer.

Respectfully submitted,

*(signature)*

ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 22nd day of February, 2001 to: KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

Alan M. Gerlach, Esquire
Florida Bar No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
Post Office Box 4961 (32802-4961)
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorneys for Defendant

ORL1\LABOR\366241.1
21719/0021 AMG rw 2/20/01 10:13 AM