UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,   CASE NO.: 00-6119-CIV-HUCK

    Plaintiff,   Magistrate Judge Brown

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.
_____/

MAR 0 7 2001

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE REGARDING TESTIMONY OF DR. KENNETH CLARKSON

Plaintiff, TRINA ROLLIE, by and through undersigned counsel, hereby files the above entitled pleading and as grounds state as follows:

1. It is clear from the Defendant's three (3) motions in limine that it does not want a single witness nor a single fact to be put before a jury. The similar and like discrimination suffered by Debra Sharief, a former employee in the protected class, should be excluded. All witnesses, especially those like Alexandra Villa who can prove their representations are false, should be excluded. And finally, the Plaintiff's only expert, Dr. Kenneth Clarkson, should also be excluded. For the Defendant, justice is not the aim, but the obstacle.



1

2. Back pay is the total compensation the employee has lost from the date of the adverse employment decision through the date of final judgment. The back pay clock should stop when "the sting" of the discriminatory conduct has ended. <u>Syvock v. Milwaukee Broiler Mfg. Co.</u>, 655 F.2d 149, 160 (7th Cir. 1981). A Plaintiff who retired only nine (9) days after a discriminatory promotion denial was nevertheless eligible for back pay for the full two (2) years preceding the promotion as the Court found that the employer had continued to deny promotions based on race. <u>Palmer v. Kelly</u>, 17.F.3d 1490 (D.C. Cir. 1994).

The above encompasses Dr. Clarkson's anticipated testimony on the issue of back pay. The Defendant's treatment of the Plaintiff was discriminatory before she resigned for at least two (2) years, and no black has managed a large volume store in the district since her departure.

3. Dr. Clarkson was unable to provide a list of cases that he has been involved in, as he did not keep such records. He indicated in his recent deposition that he had just recently attempted such a list and would furnish both the undersigned and defense counsel a list upon its availability and completion.

4. Dr. Clarkson will not testify with regard to his opinion in general in comparing the Plaintiff versus Meredith Infeld. Because the Defendant has chosen to rely upon objective mathematical criteria of audit results, sales percentage increases, volume percentage increases, and profit, Dr. Clarkson is an expert at explaining math, economics, statistics, and numerical calculations. These matters are completely within his field of expertise. Furthermore, the

Defendant will elicit like testimony from its auditors, regional vice presidents, and district managers to dismiss and in cases play games with the actual numbers. The defendant can request a voir dire of the expert witness at the time of trial if it believes he lacks the requisite expertise to assess the known figures.

5. Finally, the Court indicated in its Order awarding sanctions to the Defendant for the Plaintiff's untimely disclosure of the expert witness that if the Defendant felt prejudiced after securing the deposition of Dr. Clarkson that additional relief could be requested. The Defendant does not indicate surprise or prejudice from the late disclosure after securing Dr. Clarkson's deposition. The Defendant simply does not want him or anyone to testify on the Plaintiff's behalf.

For the foregoing reasons, the Defendant's Motion should be denied.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7th day of March, 2001 to: Alan M. Gerlach, Esq., 390 N. Orange Avenue, Suite 1100, Orlando, Florida, 32801.

MICHAEL M. TOBIN, P.A.
1099 Ponce de Leon Boulevard
Coral Gables, FL 33134-3319
Ph: 305/445-5475
Fax: 305/445-5479
BY: _Kelsay D. Patterson_
Kelsay D. Patterson
Florida Bar No. 119784