

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX**
**FILED**

MAR 1 2 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

TRINA ROLLIE

      Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOW CORPORATION,
a New York corporation and VENATOR
GROUP, INC., f/k/a WOOLWORTH
CORPORATION,
a New York corporation,

      Defendants.

                                     /

CASE NO.: 00-6119-CIV-HUCK

Magistrate Judge Brown

---

### JOINT PRETRIAL STIPULATION

      Plaintiff, TRINA ROLLIE, and Defendant, VENATOR GROUP RETAIL, INC., f/k/a

KINNEY SHOW CORPORATION, a New York corporation and VENATOR GROUP, INC.,

f/k/a WOOLWORTH CORPORATION, a New York corporation, by and through their

undersigned counsel and pursuant to the Court's Scheduling Order and Local Rule 16.1E, hereby

file their Pretrial Stipulation as follows:

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

1.    **A Short Concise Statement of the Case:**

**PLAINTIFF'S CASE:**

On or about January 12, 2000, Plaintiff, TRINA ROLLIE (hereinafter "Rollie"), filed the above styled action against Defendants, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, a New York corporation, and VENATOR GROUP, INC., f/k/a WOOLWORTH CORPORATION, New York corporation, alleging race discrimination and violations of her rights under 42 U.S.C. § 1981. On or about February 1, 2000, Defendant, Venator Group Retail, Inc., timely filed its Answer and Defenses to Plaintiff's Complaint, denying Plaintiff's allegations of race discrimination under 42 U.S.C. § 1981. On or about May 20,1991, Rollie began her employment with Lady Foot Locker at the Oaks Mall in Gainesville, Florida, and shortly thereafter began management training. In August of 1991, Rollie moved to Fort Lauderdale to take an assistant manager position with Lady Foot Locker located at Fashion Mall, where she began Phase II of the Lady Foot Locker management-training program. Rollie transferred to another Lady Foot Locker Store located at the 163rd Street Mall and continued with the management-training program. After working for Lady Foot Locker as an assistant manager at the 163rd Street Mall and finishing her Phase II management training program with Lady Foot Locker in the summer of 1992, Rollie transferred to the Lady Foot Locker Store, located at the Aventura Mall where she began Phase III of Lady Foot Locker's management training program. In or around July of 1993, Rollie completed Phase III of the management training program and became a "manager-in-waiting" and was transferred to the Lady Foot

2

Locker Store located at the Broward Mall in September 1993. (When an employee of Lady Foot Locker is given the title of "manager-in-waiting," it denotes that the employee has completed the three phase management training program required by Lady Foot Locker before a manager is assigned his or her own store, and that he or she is awaiting assignment to manage their own store. Rollie was assigned her own store and became store manager of the Lady Foot Locker in the Pembroke Lakes Mall in February of 1995.

Plaintiff is a black woman. The similarly situated peer from whence these claims are derived is a white woman named Meredith Infeld. The Defendant's discriminatory terms and conditions of employment began while she and Infeld were being trained. The Plaintiff was told by management that she could not travel to a training store to complete Phase III training. Management claimed that the trainee must be permanently assigned to the training store; and therefore it was necessary for her to wait until a training store had an available position. The Plaintiff claims that while she was denied the opportunity to travel temporarily to a training store every other day or as needed, this opportunity was afforded to Infeld. This same traveling training impediment prevented other black employees in the protected class from advancement, yet months later DeShannon Phillips, a white assistant manager in the Plaintiff's Pembroke Lakes Store was not hindered from traveling for Phase III training. The Defendant denies that white employees were allowed to travel for training. Although the Plaintiff was a manager in waiting and had completed her Phase III Training months before Infeld had completed her Phase III Training, Infeld was promoted into her first store number 6197 at Galleria Mall in October of

3

1994. The basis of this initial promotion of Infeld into her own store in October of 1994 rather than the Plaintiff into the first available store was again completely subjective. Subjectivity in the promotion and hiring process is well known to be a smoke signal for discrimination. Employed longer than Infeld and trained prior to Infeld, the white employee was chosen over the Plaintiff for no reason articulated thus far.

In August of 1995, a store management position became available at the Broward Mall Foot Locker. While it would represent a promotion to the other black manager in the district, the district manager offered it to Infeld who had been managing for a shorter amount of time. That black manager, Debra Sharief, had won the rookie manager of the year award in 1994 when she and Infeld were both rookies in the same district with the same district manager.

The Defendant through its former District Manager, Jeffrey Bjork, claims that it promoted Infeld to the Aventura Mall Lady Foot Locker position in August of 1997 due to her performance in the two-year time period she was at Broward Mall. The documents produced by the Defendant showing the annual sales volumes from 1995 through 1997 comparing the growth at the Pembroke Lakes store versus the Broward Mall store suggest the Defendant never looked at a single objective figure. Audit results, sales volume increases, performance evaluations, and merit awards overwhelmingly favor the Plaintiff over Infeld. District managers and regional vice presidents alike agree that the Defendant, as a policy, promotes the absolute best-qualified candidate rather than any qualified candidate.

4

During the midst of Debra Sharief's employment discrimination claims, the other black manager in the district, a human resources representative named Paul Campbell, contacted the Plaintiff to verify whether some of the claims and contentions made by Ms. Sharief would be supported by her. After a dialogue with Paul Campbell, the Plaintiff was able to affirm some of Ms. Sharief's claims of racial unfairness such as the disparity in the Phase III Training. Paul Campbell then suggested to her that if she too had her own claims that she would like to bring forth to the attention of the human resources department then she should write him a letter. In March of 1996 the Plaintiff did in fact write Paul Campbell a letter specifying all of the items she deemed to be discriminatory and she received no response on any level from the Fair Employment Practices office until May of 1998 a week before she resigned. The Defendant contends that the district manager approached the Plaintiff about the possibility of promoting her into the Aventura store without actually offering her the store, but that she indicated no desire for the promotion. The Plaintiff maintains she never showed any disinterest in the Aventura store but was simply not offered the opportunity.

## DEFENDANT'S CASE:

On or about January 12, 2000, Plaintiff, TRINA ROLLIE (hereinafter "Rollie"), filed the above styled action against Defendants, VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOW CORPORATION, a New York corporation, and VENATOR GROUP, INC., f/k/a WOOLWORTH CORPORATION, a New York corporation, alleging race discrimination and violations of her rights under 42 U.S.C. §1981. Venator Group Retail, Inc., has never been

5

served with the Complaint. On or about February 1, 2000, Defendant, Venator Group Retail, Inc., timely filed its Answer and Defenses to Plaintiff's Complaint, denying Plaintiff's allegations of race discrimination under 42 U.S.C. §1981.

On or about May 20, 1991, Rollie began her employment with Lady Foot Locker at the Oaks Mall in Gainesville, Florida, and shortly thereafter began management training. In August of 1991, Rollie moved to Fort Lauderdale to take an assistant manager position with Lady Foot Locker located at Fashion Mall, where she began Phase II of the Lady Foot Locker management training program. In December of that same year, the Fashion Mall Lady Foot Locker store was closed, and Rollie transferred to another Lady Foot Locker Store located at the 163rd Street Mall and continued with the management training program. After working for Lady Foot Locker as an assistant manager at the 163rd Street Mall and finishing her Phase II management training program with Lady Foot Locker in January of 1993, Rollie transferred to the Lady Foot Locker Store located at the Aventura Mall where she began Phase III of Lady Foot Locker's management training program. In or around July of 1993, Rollie completed Phase III of the management training program and became a "manager-in-waiting" and was transferred to the Lady Foot Locker Store located at the Broward Mall in September 1993. (When an employee of Lady Foot Locker is given the title of "manager-in-waiting", it denotes that the employee has completed the three phase management training program required by Lady Foot Locker before a manager is assigned his or her own store, and that he or she is awaiting assignment to manage their own store. Because each Lady Foot Locker has only one manager, there are times when

6

there are more qualified managers who have completed the Lady Foot Locker management

training program than there are open store manager positions within the Lady Foot Locker

organization.)  Rollie completed the remaining training requirements of the Phase III

management training while at the Broward Mall store, and on or about March 13, 1995, Rollie

was assigned her own store and became store manager of the Lady Foot Locker in the Pembroke

Lakes Mall.

During the period in which she managed the Lady Foot Locker store at Pembroke Lakes

Mall, Rollie received performance evaluations that noted Rollie's performance was

"Commendable" in 1996, and "exceeding expectations" in 1997.  However, the performance

evaluations and store audits from 1996 show that Rollie's selling skills, multiple sales and

recruiting were below expectations, and that she also received a rating of "Needs Improvement"

in the area of sales floor programs.  The evaluations and audits of the same year also reveal that

there were problems with layaway procedures and back-up sales checks, and that more test

checks were needed.  In February of 1997, the Pembroke Lakes Mall store was audited again and

received a rating of "unacceptable", and it was noted that damaged merchandise was not being

handled correctly and, again, more test checks were needed.  In April of 1997, Rollie was given

her annual performance evaluation which shows that although her overall performance was

evaluated as "exceeding expectations", she was rated below standard in people development,

recruiting and training new employees.

Sometime during the summer of 1997, Rollie and Jeffery Bjork (hereinafter "Bjork"), who was a district manager of Lady Foot Locker, discussed the possibility of Rollie taking over as manager of the Lady Foot Locker store located at the Aventura Mall. However, after discussing the issue with Rollie, and because Rollie never told Bjork that she wanted to be the manager of the Aventura Mall store, Bjork believed that Rollie preferred to remain as manager at Pembroke Lakes. Therefore, Bjork assigned another qualified manager, Meredith Infeld, to the Aventura Mall store.

On May 11, 1998, Rollie submitted her letter of resignation to Lady Foot Locker, and her last day of employment was May 22, 1998. At no time during or after her employment with the Defendant did Plaintiff file any type of discrimination charge with any state, federal or local agency. The only written complaint made by Rollie during her entire career at Lady Foot Locker, which was promptly investigated by Defendant's fair employment practices department, did not contain any reference to Lady Foot Locker's discriminatory failure to promote and train, which is the fundamental issue in this case.

The essence of Plaintiff's Complaint is that during Plaintiff's career with Lady Foot Locker, Defendants failed to train and promote Plaintiff based on her race. However, during her tenure with Lady Foot Locker, Plaintiff completed the Lady Foot Locker management training program, participated in seminars offered by Lady Foot Locker designed to further train its managers, and was assigned her own store. As an example of the alleged race discrimination, Plaintiff relies on the fact that a white woman with less seniority in the Lady Foot Locker

8

management structure, Meredith Infeld, was assigned to manage the Aventura Mall store, a store which has a higher sales volume than the store Plaintiff was managing at that time, instead of Plaintiff. However, Plaintiff never expressed to her district manager that she wanted to manage the Aventura Mall store. Furthermore, prior to being assigned to the Aventura Mall store, Ms. Infeld had better performance evaluations than Rollie, and the store that Ms. Infeld had managed prior to being assigned to the Aventura Mall store received better audits and realized higher sales and higher increases in profit than the store which Rollie was managing. For example, on April 16, 1996, Ms. Infeld's performance appraisal reflected she had exceeded her annual plan in sales, costs, apparel, matchpoints and multiples; that there had been an excellent increase in sales and a decrease in expenses; and that Ms. Infeld had taken her store from a sales loss to a sales gain by year-end. In an audit two days later, Ms. Infeld's store received an "excellent" operations rating and a "commendable" results rating. During the same month, Rollie was given a performance appraisal as well which noted that her performance was below expectations for selling skills, multiple sales and recruiting. Furthermore, on February 20, 1997, Ms. Infeld's store was audited and received a "satisfactory" operations rating and a "good" results rating, as opposed to the previously mentioned "satisfactory" operations rating and "unacceptable" results rating of the February 3, 1997 audit conducted for the store managed by Rollie. During her employment with Lady Foot Locker, Ms. Infeld also won awards for highest dollar sales gain and received numerous commendations for her achievements and accomplishments.

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

Rollie claims that by not assigning her to manage the Aventura Mall store she was discriminated against, and she did not realize as much income based on the discrimination and Defendant's failure to assign her to the Aventura Mall store.  Although it is true that the base pay of a Lady Foot Locker store manager is based in part on the overall sales volume of the store, each manager is entitled to an annual bonus which is based in part upon the increase in sale's volume from one year to the next.  Therefore, it is possible for a manager to make more money managing a store with a lower overall sales volume as opposed to a store with a higher sales volume if the store realized a higher annual percentage increase in sales than the store with the higher overall sales volume, which is exactly what occurred in the instant case.  Because Rollie's store realized a greater increase in sales volume than the Aventura Mall store, she received more take home pay from Defendants than Ms. Infeld did in 1997, the last full year in which Rollie was employed by Lady Foot Locker.

In summation, Rollie alleges race discrimination based on Lady Foot Locker's alleged failure to train and promote her during her tenure with Lady Foot Locker.  However, Rollie admits in her deposition that she did in fact complete the Lady Foot Locker management training program, attended management training seminars sponsored by Lady Foot Locker and was assigned her own store.  As an example of the alleged discrimination perpetrated by Lady Foot Locker, Rollie testified in her deposition that Meredith Infeld, a white woman with less seniority than Rollie, was assigned to the supposedly more lucrative Lady Foot Locker Store at the Aventura Mall instead of Rollie.  However, Meredith Infeld received better audits and

10

evaluations than Rollie in the two years prior to being assigned the Aventura Mall store.  Rollie
also never expressed to her district manager, the person who was responsible for management
assignments, that she wanted to be assigned the Aventura Mall store.  Furthermore,  Rollie has
never filed any type of discrimination charge with any state, federal or local agency based on any
acts or incidents that occurred while employed by Lady Foot Locker.

11

2.     **Basis for Federal Jurisdiction:**

Federal jurisdiction is based on 42 U.S.C. § 2000e-5(f). Plaintiff has also filed claims under 42 U.S.C § 1981 *et seq.*

3.     **Pleadings Raising the Issues:**

(1)    Plaintiff's Complaint filed on or about January 12, 2000.

(2)    Defendant's Answer and Defenses to Plaintiff's Complaint filed February 1, 2000.

4.     **List of All Undisposed Motions or Other Matters Requiring Action by the Court:**

(1)    Defendant's Motion for Summary Judgment;

(2)    Defendant's Motion to Strike Plaintiff's Request for Oral Hearing on Defendant's Motion for Summary Judgment;

(3)    Defendant's Motion in Limine regarding testimony of Dr. Kenneth W. Clarkson;

(4)    Defendant's Motion in Limine regarding Plaintiff's Failure to Furnish a List of Witnesses;

(5)    Defendant's Motion in Limine With Respect to Debra Sharief and/or Other Anecdotal Evidence of Discrimination Against Other Employees.

5.     **A Concise Statement of Uncontested Facts Which Will Require No Proof at Trial, With Reservations:**

(1)    At all times material to this cause, Lady Foot Locker was a wholly-owned subsidiary of Defendant, Kinney Shoe Corporation, now known as Venator Group Retail, Inc.;

(2)    Plaintiff, Trina Rollie, as an African American, is afforded the protection of 42 U.S.C. § 1981;

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

(3)    Plaintiff, Trina Rollie, never filed a charge of discrimination with the Equal
Employment Opportunity Commission alleging race discrimination;

(4)    Plaintiff, Trina Rollie, voluntarily resigned her employment from Lady Foot
Locker pursuant to a letter of resignation dated May 11, 1998.

**6.    A Statement of Issues of Fact Which Remain to be Litigated at Trial:**

(1)    Whether Plaintiff was subjected to unlawful discrimination because of her race.

(2)    Whether Defendant has come forward with legitimate business reasons for its
employment actions to the extent that those employment actions are legitimately
before this Court as complaints of discrimination by Plaintiff.

(3)    Whether Plaintiff suffered any damages as a result of discrimination allegedly
perpetrated by Defendant.

**7.    A Concise Statement  of Issues of Law on Which There is Agreement:**

(1)    The court has jurisdiction over the parties and the action, and venue is proper in
this district and division;

(2)    This action is brought pursuant to 42 U.S.C. § 1981.

**8.    A Concise Statement of Issue of Law Which Remain for Determination by
the Court:**

(1)    Whether Plaintiff has established a prima facie case of race discrimination;

(2)    Whether Plaintiff has satisfied the applicable burdens of proof under 42 U.S.C. §
1981 to demonstrate race discrimination;

(3)    Whether Plaintiff is entitled to recover any damages, of whatever kind, and if so,
in what amount;

(4)    Whether Plaintiff is entitled to an award of reasonable attorney's fees, and if so,
what constitutes a reasonable amount of attorney's fees under the circumstances
of this case.

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

9.    **Trial Exhibit Lists:**

Plaintiff's Trial Exhibit List is attached hereto;

Defendant's Trial Exhibit List is attached hereto.

10.    **Trial Witness Lists:**

Plaintiff's Trial Witness List is attached hereto;

Defendant's Trial Witness List is attached hereto.

**Defendant objects to all witnesses and exhibits listed on Plaintiff's Witness and Exhibit Lists not disclosed during the discovery period in this matter.**

**Plaintiff objects to all witnesses and exhibits listed on Plaintiff's Witness and Exhibit Lists not disclosed during the discovery period in this matter.**

11.    **Estimated Time for Trial:**

The parties estimate that four (4) to five (5) trial days will be needed for the trial of this case.

12.    **Amount of Attorney's Fees Properly Allowed:**

14

# EXHIBIT LIST

___ Government    __X__ Plaintiff    ___ Defendant
___ Joint    ___ Court

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) Or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 1. | | | | All performance evaluations of Trina Rollie | | |
| 2. | | | | All performance evaluations of Meredith Infeld | | |
| 3. | | | | All performance evaluations of Debra Sharief | | R, I |
| 4. | | | | Personal and disciplinary file of Trina Rollie | | |
| 5. | | | | Personal and disciplinary file of Meredith Infeld | | |
| 6. | | | | Personal and disciplinary file of Debra Sharief | | R, I |
| 7. | | | | All store audits in stores managed by Trina Rollie | | |
| 8. | | | | All store audits in stores managed by Meredith Infeld | | |
| 9. | | | | All store audits in stores managed by Debra Sharief | | R, I |
| 10. | | | | All store evaluations and sales intensity reports of stores managed by Trina Rollie | | |

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) Or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 11. | | | | All store evaluations and sales intensity reports of stores managed by Meredith Infeld | | |
| 12. | | | | All store evaluations and sales intensity reports of stores managed by Debra Sharief | | R, I |
| 13. | | | | Emerald/Diamond Club rankings and results for 1995 and 1996 | | |
| 14. | | | | All awards, plaques, trophies, and certificates of Trina Rollie | | |
| 15. | | | | All awards, plaques, trophies, and certificates of Meredith Infeld | | |
| 16. | | | | All awards, plaques, trophies, and certificates of Debra Sharief | | R, I |
| 17. | | | | Trial transcript of Debra Sharief v. Kinney Shoe Corp. | | R, I |
| 18. | | | | All depositions taken in this matter | | R, I |
| 19. | | | | Depositions taken in any previous litigation of any witness listed on either party's witness list | | R, I |
| 20. | | | | All documents produced by the Defendant in response to Plaintiff's Production Requests | | R, I |
| 21. | | | | Tax and earnings records for Trina Rollie | | |
| 22. | | | | Tax and earnings records for Meredith Infeld | | |

16

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) Or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 23. | | | | Kinney Shoe Corporation Employee Handbook/Manual | | |
| 24. | | | | All written discovery responses served by the Defendant including interrogatory responses and responses to admissions requests | | R, I |
| 25. | | | | Demonstrative Exhibits | | R, I |
| 26. | | | | Verdict Form | | R, I |
| 27. | | | | Payroll documents of Lady Foot Locker, also known as form 31 documents, in District 427 | | |
| 28. | | | | Sales volume reports of stores managed by either Rollie, Infeld, and/or Sharief in District 427 | | R, I |
| 29. | | | | All correspondence from the Plaintiff to the Defendant's Human Resources Department | | |
| 30. | | | | All correspondence from the Defendant's Human Resources Department to the Plaintiff | | |
| 31. | | | | All documents generated through the course of business produced thus far by the Defendant, relating to the Plaintiff's employment | | R, I |
| 32. | | | | All documents generated through the course of business produced thus far by the Defendant relating to Meredith Infeld's employment | | R, I |

17

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) Or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 33. | | | | All documents generated through the course of business produced thus far by the Defendant relating to Debra Sharief's employment | | R, I |
| 34. | | | | Jury Instructions | | R, I |
| 35. | | | | Rebuttal and impeachment exhibits | | |
| 36. | | | | All exhibits listed by the Defendant | | |
| 37. | | | | Plaintiff reserves the right to supplement this list | | |

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

# WITNESS LIST

___Government    X  Plaintiff    ___Defendant
___Joint    ___Court

| Witness Number | Witness |
|---|---|
| 1. | Trina Rollie<br>7800 Venetian Street<br>Miramar, FL |
| 2. | Jeffrey Bjork<br>1460 First Street<br>Pepin, WI 54739 |
| 3. | Meredith Infeld<br>5820 S.W. 34th Terrace<br>Miami, FL 33155 |
| 4. | Antonio Fernandez<br>19499 NE 10th Avenue<br>Apt. 522<br>North Miami Beach, Florida 33179 |
| 5. | Debra Sharief<br>7071 NW 29th Avenue<br>Miramar, Florida 33023 |
| 6. | Emily Hammond<br>c/o Venator Group Retail |
| 7. | Paul Campbell<br>Venator Group<br>112 West 34th Street<br>New York, NY 10120 |
| 8. | Paul Newman<br>100 Deforest Avenue<br>East Hanover, NJ |

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

| Witness Number | Witness |
| --- | --- |
| 9. | Yolanda Johnson<br>c/o Venator Group Retail<br>163rd Street Mall,<br>Miami, Florida |
| 10. | Willy Gugel<br>c/o Venator Group Retail |
| 11. | Deshannon Phillips<br>635 N.E. 2nd Place<br>Cape Coral, FL 33909 |
| 12. | Alexandra Villa<br>3569 NE 163rd Street<br>Aventura, Florida 33180<br>(305) 945-2411 |

20

# EXHIBIT LIST

___Government    ___Plaintiff   _X_ Defendant
___Joint    ___Court

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 1. | | | | A.C.E. Visit Report, Meredith Infeld 2/28/96 | | |
| 2. | | | | Store Evaluation Report, Meredith Infeld, 7/11/96 | | |
| 3. | | | | Lady Foot Locker Monthly Appraisal, Meredith Infeld 12/29/92 | | |
| 4. | | | | Lady Foot Locker Monthly Appraisal, Meredith Infeld, 1/31/93 | | |
| 5. | | | | Lady Foot Locker Monthly Appraisal, Meredith Infeld, 2/27/93 | | |
| 6. | | | | Lady Foot Locker Monthly Appraisal, Meredith Infeld, 5/1/93 | | |
| 7. | | | | Lady Foot Locker Monthly Appraisal, Meredith Infeld, 6/23/93 | | |
| 8. | | | | Lady Foot Locker Monthly Appraisal, Meredith Infeld, 6/28/93 | | |
| 9. | | | | Lady Foot Locker Monthly Appraisal, Meredith Infeld, 8/20/93 | | |
| 10. | | | | Sales Report-Aventura Mall-1/95 thru 12/95 | | |
| 11. | | | | Sales Report-Aventura Mall-1/96 thru 12/96 | | |

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 12. | | | | Sales Report-Aventura Mall-1/97 thru 12/97 | | |
| 13. | | | | Sales Report-Aventura Mall-1/98 thru 12/98 | | |
| 14. | | | | Store Audit Form-Meredith Infeld 1/30/95 | | |
| 15. | | | | Store Audit Form-Meredith Infeld 6/7/95 | | |
| 16. | | | | Store Audit Form-Meredith Infeld 8/6/95 | | |
| 17. | | | | Store Audit Form-Meredith Infeld-11/27/95 | | |
| 18. | | | | Store Audit Form-Meredith Infeld-4/18/96 | | |
| 19. | | | | Store Audit Form-Meredith Infeld-9/8/96 | | |
| 20. | | | | Store Audit Form-Meredith Infeld-2/20/97 | | |
| 21. | | | | Store Audit Form-Meredith Infeld-8/5/97 | | |
| 22. | | | | Store Audit Form-Meredith Infeld-8/6/97 | | |
| 23. | | | | Store Audit Form-Meredith Infeld-3/12/98 | | R |
| 24. | | | | W-2 1997 Meredith Infeld | | |
| 25. | | | | Correspondence 1/8/96 to Meredith Infeld from Willy Gugel | | |

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 26. | | | | Correspondence 7/29/96 to Meredith Infeld from Willy Gugel | | |
| 27. | | | | Correspondence 8/25/96 to Meredith Infeld from Willy Gugel | | |
| 28. | | | | Payroll data for Meredith Infeld | | |
| 29. | | | | All Lady Foot Locker training records for Meredith Infeld | | |
| 30. | | | | Tax and income records for Meredith Infeld | | |
| 31. | | | | A.C.E. Visit Report, Trina Rollie 2/22/96 | | |
| 32. | | | | Store Evaluation Report, Trina Rollie 8/2/96 | | |
| 33. | | | | Lady Foot Locker Monthly Appraisal, Trina Rollie, 1/31/92 | | |
| 34. | | | | Lady Foot Locker Monthly Appraisal, Trina Rollie, 2/93 | | |
| 35. | | | | Lady Foot Locker Monthly Appraisal, Trina Rollie, 4/20/93 | | |
| 36. | | | | Lady Foot Locker Monthly Appraisal, Trina Rollie, 7/19/93 | | |
| 37. | | | | Lady Foot Locker Monthly Appraisal, Trina Rollie, 5/6/94 | | |
| 38. | | | | Lady Foot Locker Monthly Appraisal, Trina Rollie, 7/26/94 | | |
| 39. | | | | Lady Foot Locker Monthly Appraisal, Trina Rollie, 8/5/94 | | |

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 40. | | | | Sales Report-Pembroke Lakes-1/97 thru 12/97 | | |
| 41. | | | | Sales Report-Broward mall-8/94 thru 7/95 | | |
| 42. | | | | Sales Report-Broward Mall-8/95 thru 7/96 | | |
| 43. | | | | Sales Report-Broward Mall 8/96 thru 7/97 | | |
| 44. | | | | Sales Report-Galleria-1/95 thru 12/95 | | |
| 45. | | | | Store Audit Form-Trina Rollie 4/10/96 | | |
| 46. | | | | Store Audit Form-Trian Rollie-9/4/96 | | |
| 47. | | | | Store Audit Form-Trina Rollie-11/11/97 | | R |
| 48. | | | | Store Audit Form-Trina Rollie 7/1/97 | | |
| 49. | | | | Store Audit Form-Trina Rollie-2/3/97 | | |
| 50. | | | | Correspondence 4/20/95 to Trina Rollie from Willy Gugel | | |
| 51. | | | | Correspondence 8/13/96 to Trina Rollie from Willy Gugel | | |
| 52. | | | | Correspondence 10/10/97 to Trina Rollie from Willy Gugel | | R |
| 53. | | | | Correspondence 3/28/96 to Paul Campbell from Trina Rollie | | |
| 54. | | | | Lady Foot Locker Standard Practice Manual Test/Trina Rollie dated 1/18/93 | | |

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 55. | | | | Resignation letter from Trina Rollie dated 1/18/93 | | |
| 56. | | | | 1994 thru 1999 Tax Return Trina Rollie | | |
| 57. | | | | Payroll data for Trina Rollie | | |
| 58. | | | | All Lady Foot Locker training records for Trina Rollie | | |
| 59. | | | | W-2 1997 Trina Rollie | | |
| 60. | | | | All Lady Foot Locker training records for Trina Rollie | | |
| 61. | | | | Trina Rollie's Phase II Standard Practice Manual Test, dated 1/15/93 | | |
| 62. | | | | Trina Rollie Lady Foot Locker Training Day Memo; regarding Phase III Chapter I training | | |
| 63. | | | | Lady Foot Locker file regarding complaint by Buchwalter | | R |
| 64. | | | | Summary chart regarding shrinkage results from store audits | | R |
| 65. | | | | Newspaper article dated 10/20/2000 from USA Today | | R |
| 66. | | | | Investigative file from Fair Employment Practices Offices | | R |
| 67. | | | | Plaintiff's Answers and Objections to Defendant's Interrogatories | | |

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

| Exhibit Number | Date | Witness | Additional Witness Referring To Exhibit | Description | Admit (A) or Deny (D) | Objection |
|---|---|---|---|---|---|---|
| 68. | | | | All Exhibits listed by Plaintiff to the extent not objected to or to the extent any objection is overruled or withdrawn | | |
| 69. | | | | Defendant's demonstrative exhibits | | R |
| 70. | | | | All depositions taken in this action with exhibits | | |
| 71. | | | | All exhibits necessary for rebuttal | | |
| 72. | | | | Rebuttal and impeachment exhibits | | |
| 73. | | | | All exhibits listed by Plaintiff | | |
| 74. | | | | Plaintiff reserves the right to supplement this list | | |

26

# WITNESS LIST

___Government    ___Plaintiff    _X_ Defendant
___Joint    ___Court

| Witness Number | Witness | Live Testimony (LT) or Deposition (D) |
|---|---|---|
| 1. | Trina Rollie<br>7800 Venetian Street<br>Miramar, FL | LT |
| 2. | Jeffrey Bjork<br>1460 First Street<br>Pepin, WI 54739 | LT/D |
| 3. | Paul Campbell<br>Venator Group<br>112 West 34th Street<br>New York, NY 10120 | LT/D |
| 4. | Meredith Infeld<br>5820 S.W. 34th Terrace<br>Miami, FL 33155 | LT/D |
| 5. | Deshannon Phillips<br>635 N.E. 2nd Place<br>Cape Coral, FL 33909 | LT |
| 6. | Debra Miller<br>4300 N.W. 6th Court<br>Plantation, FL 33137 | LT |
| 7. | Denise Raby<br>6392 N.W. 186th Street, #209<br>Miami, FL 33015 | LT |
| 8. | Willie Gugel<br>7100 Greenspring Drive<br>Arlington, TX 76016 | LT/D |
| 9. | Emily Hammond<br>Venator Group<br>112 West 34th Street<br>New York, NY 10120 | LT/D |

ORL1\COMMLIT\366414.2
21719/0021 KEK kek 3/12/01 1:37 PM

| Witness Number | Witness | Live Testimony (LT) or Deposition (D) |
|---|---|---|
| 10. | Dr. Kenneth W. Clarkson, Ph.D<br>1509 Garcia Avenue<br>Coral Gables, FL | LT |
| 11. | Jens Skar<br>9958 N.W. 9th Court<br>Plantation, FL 33324 | LT |
| 12. | Charles (Chuck) Shirk<br>7101 NW 32nd Street<br>Margate, FL 33063 | LT |

ORL1\COMMLIT\366414.2<br>21719/0021 KEK kek 3/12/01 1:37 PM

# LIST OF ADDITONAL POSSIBLE WITNESS'S

___Government     ___Plaintiff     __X__ Defendant
___Joint     ___Court

| Witness Number | Witness | Live Testimony (LT) or Deposition (D) |
|---|---|---|
| 1. | Elizabeth Bradshaw(f/k/a Seikierdia) 120 Florence Avenue, Apt. F202 Wilmington, DE 19803 | LT |
| 2. | Celia Gonzalez 112 Epson Oaks Way Orlando, FL 32837 | LT |
| 3. | Yolanda Johnson Lady Footlocker 163rd Street Mall 1471 N.E. 163rd Street N. Miami Beach, FL 33162 | LT |
| 4. | Heidi Pagen 2622 S. Miller Dr., Apt. 304 Lakewood, CO 80120 | LT |
| 5. | Jill Beckwith 5250 S. Huron Way Little ton, CO 80120 | LT |
| 6. | Vicky Coleman 20431 S.W. 49th Court Ft. Lauderdale, FL 33332 | LT |
| 7. | Ann Nitka 277 Harrison Ave., Apt. B-2 Jersey City, NJ 07304 | LT |
| 8. | Mary Walsh 500 Napa Valley Dr., Apt 228 Little Rock, AR 72211 | LT |
| 9. | Laura Fredrickson 3016 Folk Lore Drive Valrico, FL 33594 | LT |

29

| Witness Number | Witness | Live Testimony (LT) or Deposition (D) |
|---|---|---|
| 10. | Daisy Ramos<br>6361 N.W. 173rd Street<br>Miami Lakes, FL 33015 | LT |
| 11. | Tina Marie Nighton<br>(address unknown at this time) | LT |
| 12. | Melanie Pridgen<br>(address unknown at this time) | LT |
| 13. | Sharon Orlopp<br>867 Glen Oaks Avenue<br>Castle Rock, CO 80104 | LT |
| 14. | Debra Sharief<br>2763 N.W. 192nd Terrace<br>Miami, FL 33056 | LT |
| 15. | Tara Malachi<br>(address unknown at this time) | LT |
| 16. | Aimee Fladt<br>(address unknown at this time) | LT |
| 17. | Renee Prenitzer<br>(address unknown at this time) | LT |
| 18. | Michelle Torres<br>(address unknown at this time) | LT |
| 19. | Antonio Fernandez<br>19499 N.E. 10th Ave., Apt. 522<br>North Miami Beach, FL 33179 | LT |
| 20. | Maria Theodore<br>(address unknown at this time) | LT |
| 21. | Meritza Jimenez<br>(address unknown at this time) | LT |
| 22. | Suzanne English or other Broad and Cassel paralegal<br>Broad and Cassel<br>390 North Orange Avenue, Suite 1100<br>Orlando, FL 32801 | LT |

ORL1\COMMLIT366414.2<br>21719/0021 KEK kek 3/12/01 1:37 PM

3-12-2001 7:40PM     FROM MICHAEL M TOBIN PA 305 4455479               P. 2
03/12/01   18:18   ☎407 425 8377                            ☎030/030

| Witness Number | Witness | Designation (LT) or Deposition (D) |
|---|---|---|
| 23. | Records Custodian of American Express Co. (HRJCS West) 4315 South 2700 West Salt Lake City, UT 84184-0301 | LT |
| 24. | Records Custodian of Lane Bryant 5 Limited Parkway East Reynoldsburg, OH 43068 | LT |
| 25. | Records Custodian of Enterprise Rent-A-Car 555 S.W. 12th Avenue, Suite 120 Pompano Beach, FL 33069 | LT |
| 26. | Records Custodian of Venator Group Retail, Inc. F/k/a Kinney Shoe Corp. 112 West 34th Street New York, NY 10120 | LT |
| 27. | All witnesses listed by Plaintiff, to the extent not objected to, or to the extent that any objection is overruled or withdrawn. | |
| 28. | All witnesses necessary for rebuttal | |

Respectfully submitted this _12th_ day of March, 2001.

*(signature)*

Alan M. Gerlach, Esquire
Florida Bar #: 199184
Keith E. Kress, Esquire
Florida Bar #: 0380600
BROAD AND CASSEL
Attorneys for Defendants
Suite 1100
390 North Orange Avenue
Orlando, Florida 32801
Phone: (407) 839-4200
Fax: (407) 425-8377

*(signature)*

Kelsay D. Patterson, Esquire

Florida Bar #: 119784
Attorney for Plaintiff
1099 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Phone: (305) 445-5475
Fax: (305) 445-5479

29