FILED
MAR 1 6 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.

_____/

CASE NO.: 00-6119-CIV-HUCK

Magistrate Judge Brown

## DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE REGARDING PLAINTIFF'S WITNESS LIST

    Defendant VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby replies to Plaintiff's Response to Defendant's Motion in Limine Regarding Plaintiff's Witness List.

    Plaintiff's Response contains the usual bombastic hyperbole that has to come to characterize her pleadings. Only through bending the rules to benefit her, it seems, can the Court "keep in mind the goals that Congress envisioned when crafting these laws and the ideals for which are Courts are intended to serve." Plaintiff's Response, p. 4.

    Paragraph 2 of Plaintiff's Response is correct in so far as it goes. See attached Affidavit of Alan M. Gerlach for additional facts.

    Paragraph 3 seems to confuse answers to Defendant's Interrogatories with the Court-required list of witnesses that is the subject of the instant motion. Plaintiff states that "[t]his response, served upon the Defendant on June 28, 2000 is closer in proximity to the June 15 deadline that any such list provided by the Defendant." Of course, this is true only because Defendant timely served a request for Plaintiff to identify

"persons having knowledge" (which, the Court will note, is very different from a list of trial witnesses). Plaintiff seeks to excuse her failure to follow the Court's order by pointing to a response to an interrogatory that was served only because Defendant timely sought necessary discovery in the case.

Paragraph 4 of Plaintiff's Response and Exhibits 3 and 4 thereto have to do with Plaintiff's search for her "quarry" (Exhibit 4, 3rd page), Alexandra Villa. Paragraph 4 falsely states that "Ms. Villa, formerly known as Ms. Rivera, was not a person known to the Plaintiff..." The falsity of this statement can be seen simply by looking at Plaintiff's Exhibit 3, page 2, which demonstrates that Plaintiff and Ms. Villa, formerly Rivera, worked together in the same store at the same time, at least in May 1993. Plaintiff's own exhibit belies her representation to the Court.

The first notice Defendant had of a possible intent to use Ms. Villa was her affidavit that Rollie submitted in support of her opposition to the Motion for Summary Judgment. Under these circumstances, on the eve of trial, simply permitting Defendant to take an out-of-time deposition is not an adequate remedy; Villa should not be allowed to testify. In fact, for the reasons set forth in the Memorandum in Support of Defendant's Motion in Limine, none of Plaintiff's supposed witnesses other than herself and Dr. Clarkson should be allowed to testify.

For all the foregoing reasons, Defendant Motion in Limine Regarding Plaintiff's Witness List should be granted.

Respectfully submitted,

*[signature]*
ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

ORL1\LABOR\370682.1
21719/0021 AMG rw 3/16/01 11:12 AM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 16th day of March, 2001 to: KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

>                        *Alan M. Gerlach* (signature)
> Alan M. Gerlach, Esquire
> Florida Bar No. 199184
> BROAD AND CASSEL
> 390 North Orange Avenue, Suite 1100
> Orlando, Florida 32801
> Post Office Box 4961 (32802-4961)
> Telephone: (407) 839-4200
> Facsimile: (407) 425-8377
> Attorneys for Defendant

## AFFIDAVIT

STATE OF FLORIDA
COUNTY OF ORANGE

BEFORE ME, the undersigned Notary Public, personally appeared Alan M. Gerlach. who being by me first duly sworn according to law, deposes and says as follows:

1. My name is Alan M. Gerlach, and I have been a member of The Florida Bar since October 1975. I am also an inactive member of the Georgia and District of Columbia Bars. I have been admitted to practice in six federal district courts, including the U.S. District Court for the Southern District of Florida, and the Eleventh Circuit.

2. I am counsel for the Defendant Venator Group Retail, Inc., f/k/a Kinney Shoe Corporation in a lawsuit brought by Trina Rollie, Case No. 00-6119-Civ-HUCK, now pending in the U.S. District Court for the Southern District of Florida.

3. I have never previously been accused of lying to opposing counsel, let alone to the Court, let alone being the author of "a blatant and intentional lie." (Paragraph 7, Affidavit of Kelsay D. Patterson).

4. After the deposition of Trina Rollie in Miami on August 30, 2000, I spoke with Mr. Patterson, both on a cell phone and in person. Ms. Rollie was not present. I advised him that afternoon that "you owe me a witness list" or "you need to get me a witness list" or words to that effect. I was aware that the court imposed time for the parties to submit witness lists had passed, that neither party had done so, and I was awaiting Plaintiff's witness list before preparing one for our side.

5. Despite not having received such a list from him, eventually I submitted a witness list to Mr. Patterson by mail on October 30, 2000, after the October 20, 2000 mediation did not lead to a settlement in this case.

FURTHER AFFIANT SAYETH NOT.

_____
Alan M. Gerlach

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was acknowledged before this __16Th__ day of March, 2001 by Alan M. Gerlach. He is personally known to me or has produced _____ as identification and did take an oath.

_____
(Signature of Notary Public)

_____
(Typed name of Notary Public)
Notary Public, State of Florida
Commission No. _____
My commission expires:



RUTH A. WARD
MY COMMISSION # CC 863008
EXPIRES: September 10, 2003
Bonded Thru Notary Public Underwriters

2