MAR 16 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,                                    CASE NO.: 00-6119-CIV-HUCK

  Plaintiff,                                     Magistrate Judge Brown

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

  Defendants.

_____/

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE REGARDING TESTIMONY OF DR. KENNETH CLARKSON

Defendant VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby submits its Reply Memorandum in Support of Defendant's Motion in Limine Regarding the Testimony of Dr. Kenneth Clarkson.

Neither of the cases cited in Plaintiff's Response to Defendant's Motion in Limine supports her evident position that the period of backpay should extend beyond the date of her voluntary termination of employment with Lady Foot Locker. Syvock v. Milwaukee Boiler Mfg. Co., 665 F.2d 149, 27 FEP Cases 610 (7th Cir. 1981), affirmed the reduction of backpay from $21,716.97 to $3,750.00 due to the plaintiff's failure to mitigate in a case arising under the Age Discrimination in Employment Act. Palmer v. Kelly, 17 F.3d 1490 (D.C. Cir. 1994), simply applied the "continuing violation" theory to enable the white plaintiff in a Title VII case against the mayor of the District of Columbia to collect backpay for the entire two year period preceding his charge rather than for a nine-day period between the date of a specific event and his

NON-COMPLIANCE OF S.D. fla. L.R. 5.1.A. 1

retirement. It has no application to the instant action under 42 U.S.C. § 1981 in which the Plaintiff appears to contend that she is entitled to a period of backpay continuing after her voluntary resignation.

Apparently, Plaintiff intends to have Clarkson testify that, based on his review of performance appraisals, store audit results, sales figures, and the like, he believes that Trina Rollie was more qualified than Meredith Infeld to manage the Aventura Mall Lady Foot Locker store in August 1997. The reason for this is allegedly that "Dr. Clarkson is an expert in explaining math, economics, statistics, and numerical calculations." Plaintiff's Response, p. 2. Be that as it may, Dr. Clarkson's expertise does not include an evaluation of indicators for success at managing a specialty retail store selling leisure wear and footwear to female customers.

Although, as was previously suggested in Defendant's Memorandum in Support of its Motion in Limine, there really is no reason for an expert to perform the simple mathematical calculations that are appropriate to a determination of backpay in this case, if the Court disagrees, the scope of Dr. Clarkson's testimony should be limited to performing this mathematical calculation, by testifying to the appropriate amount of backpay for a period which ended on May 22, 1998, when the Plaintiff voluntarily left her job with Lady Foot Locker.

For all the foregoing reasons, Defendant's Motion in Limine Regarding the Testimony of Dr. Kenneth Clarkson should be granted.

Respectfully submitted,

ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S.

Mail this ___16___ day of March, 2001 to: KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael

M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

Alan M. Gerlach, Esquire
Florida Bar No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
Post Office Box 4961 (32802-4961)
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorneys for Defendant