UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRINA ROLLIE,

    Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

    Defendants.

_____/

CASE NO.: 00-6119-CIV-HUCK

Magistrate Judge Brown

NIGHT BOX FILED
MAR 1 5 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE REGARDING DEBRA SHARIEF AND/OR OTHER ANECDOTAL EVIDENCE OF DISCRIMINATION AGAINST OTHER EMPLOYEES

Defendant VENATOR GROUP RETAIL, INC., f/k/a KINNEY SHOE CORPORATION, by and through its undersigned counsel, hereby submits its Reply Memorandum in support of the above-styled motion.

Plaintiff's Response to Defendant's Motion in Limine Regarding Debra Sharief and/or Other Anecdotal Evidence of Discrimination Against Other Employees overstates the significance of Troupe v. May Department Stores, 20 F.3d 734 (7th Cir. 1994). Conspicuously missing from the five cases cited by Plaintiff as following Troupe is a decision of the Eleventh Circuit. Hasham v. California State Board of Equalization, 200 F.3d 1035 (7th Cir. 2000), is simply another Seventh Circuit case that cites Troupe for its definition of circumstantial evidence. Fernandes v. Costa Bros. Masonry, Inc., 199 F.3d 572 (1st Cir. 2000), cites Troupe not for its discussion of indirect or circumstantial evidence but as setting forth the "classic position" on what constitutes direct evidence. Id. at 582-83. Brown v. Sampson Resources Co., 2000 U.S. App. LEXIS 22389 (10th Cir. 2000), is an unpublished opinion and thus of dubious precedential

NON-COMPLIANCE OF S.D. Fla. L.R. 5(A)



value. It is difficult to understand what relevance this "contract interpretation case set in the oil fields of Oklahoma" that does not even cite the Troupe decision has to the instant controversy. Origel v. Community Action Services, 2001 U.S. Dist. LEXIS 1540 (N.D. Ill. 2001) is, of course, an opinion from a district court within the Seventh Circuit and cites Troupe for the admissibility of the "suspicious timing" type of circumstantial evidence. Cross v. Southwest Recreational Industries, Inc., 17 F. Supp. 2d 1362, 5 WH Cases 2d 947 (N.D. Ga. 1998), does apply Troupe's language concerning the admissibility of circumstantial evidence suggesting a "mosaic" or "pretext" for discrimination.

Carter v. Three Springs Residential Treatment, 132 F. 3d 635 (11th Cir. 1998) does state that the district court erred in striking the affidavits submitted by other employees concerning events allegedly relevant to the plaintiff's case. However, neither this nor the above-cited decisions suggest that it is proper to turn the trial of the plaintiff's discrimination case into a trial (or re-trial) of a discrimination claim of another witness.

The cases cited by Defendant in support of this Motion in Limine demonstrate that the evidence that Plaintiff undoubtedly seeks to present through Debra Sharief must be excluded because of its inherent ability to confuse and prejudice the jury in the Rollie case. Contrary to the Plaintiff's evident suggestion, "the Amended Civil Rights Act of 1991" did not alter burdens of proof or otherwise affect the admissibility of evidence concerning other claimed acts of discrimination; therefore, the fact that some of the cases cited by Defendant predate the 1991 amendment is simply irrelevant. What matters is that these cases, as well as the federal evidentiary rules cited in the original Memorandum in Support, demonstrate that Plaintiff should not be allowed to re-try the Sharief case in the guise of attempting to prove the Plaintiff's Section 1981 claim in this case.

For the foregoing reasons, as well as those introduced in the original Memorandum in Support of Defendant's Motion in Limine, the motion should be granted.

ORL1\LABOR\370623.1
21719/0021 AMG rw 3/15/01 4:30 PM

Respectfully submitted,

_____
ALAN M. GERLACH, ESQ.
Florida Bar. No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
P.O. Box 4961 (32802)
Telephone: (407) 839-4200
Fax: (407) 425-8377
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 16th day of March, 2001 to: KELSAY D. PATTERSON, ESQUIRE, Law Offices of Michael M. Tobin, P.A., 1099 Ponce De Leon Boulevard, Coral Gables, Florida 33134-3319.

_____
Alan M. Gerlach, Esquire
Florida Bar No. 199184
BROAD AND CASSEL
390 North Orange Avenue, Suite 1100
Orlando, Florida 32801
Post Office Box 4961 (32802-4961)
Telephone: (407) 839-4200
Facsimile: (407) 425-8377
Attorneys for Defendant

ORL1\LABOR\370623.1
21719/0021 AMG rw 3/15/01 4:30 PM