UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

TRINA ROLLIE,                                CASE NO.: 00-6119-CIV-HUCK

      Plaintiff,                            Magistrate Judge Brown

v.

VENATOR GROUP RETAIL, INC. ,f/k/a
KINNEY SHOE CORPORATION,
a New York Corporation and
VENATOR GROUP, INC., f/k/a
WOOLWORTH CORPORATION,
a New York Corporation,

      Defendants.
_____/

### JOINT PROPOSED JURY INSTRUCTIONS

     The undersigned parties hereby submit the attached proposed jury instructions.

MICHAEL M. TOBIN, P.A.                BROAD & CASSEL, P.A.
1099 Ponce de Leon Boulevard          390 N. Orange Avenue
Coral Gables, FL 33134-3319           Suite 1100
Ph: 305/445-5475                      Orlando, Florida 32801
Fax: 305/445-5479                     407 839-4262 phone , 425-8377 fax

_Kelsay D. Patterson_                 _Allan M. Gerlach_
Kelsay D. Patterson, Esquire          Allan Gerlach, Esquire
Florida Bar No. 119784                Florida Bar No.: 199184

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

CASE NO. CASE NO.: 00-6119-CIV-HUCK

TRINA ROLLIE,

Plaintiff,

v.

VENATOR GROUP RETAIL, INC., f/k/a
KINNEY SHOW CORPORATION,
a New York corporation and VENATOR
GROUP, INC., f/k/a WOOLWORTH CORPORATION,
a New York corporation,

Defendant.

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in

deciding this case.

When I have finished you will go to the jury room and begin your

discussions - what we call your deliberations.

1

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. A corporation is entitled to the same fair trial at your hands as a private individual.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence -- that is, the sworn testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

2

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.

**Authority:** Basic Instruction 2.2, <u>Pattern Jury Instructions Civil Cases</u>, U.S. Eleventh Circuit District Judges Association (2000 ed. West).

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

3

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Authority:** Basic Instruction 3, Pattern Jury Instructions Civil Cases, U.S. Eleventh Circuit District Judges Association (2000 ed. West).

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

4

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority:** Basic Instruction 4.1, <u>Pattern Jury Instructions Civil Cases</u>, U.S. Eleventh Circuit District Judges Association (2000 ed. West).

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

5

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field - one who is called an expert witness - is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with other witness, it is up to you to decide whether to rely upon it.

**Authority:** Basic Instruction 5.1, <u>Pattern Jury Instructions Civil Cases</u>, U.S. Eleventh Circuit District Judges Association (2000 ed. West).

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

6

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

7

Each party has introduced into evidence certain interrogatories- that is, questions, together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, however, a party does not bind itself to these answers, and a party may challenge them in whole or in part or may offer contrary evidence.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

This case should be considered and decided by you standing in the community, of equal worth, and holding the corporation is entitled to the same fair trial at your hands a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Defendant, VENATOR RETAIL GROUP, INC., is a corporation. A corporation may act through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by his or her actions done and statements made while acting within the scope of his or her authority as delegated to him or her by the corporation or within the scope of his or her duties as an employee of the corporation. An employee acting outside his or her duties of employment may not bind the corporation. However, even though an act is forbidden, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of employment you should consider such factors as where the acts took place and their foreseeability.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

ORL1\COMM\LITI370699 1
D9999\0999 KEK

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiffs claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff s claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

**Authority:** Basic Instruction 6.1, <u>Pattern Jury Instructions Civil Cases</u>, U.S. Eleventh Circuit District Judges Association (2000 ed. West).

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

ORL1\COM\LIT\370699 1
0000\0000 KEK

It is unlawful for an employer to intentionally discriminate against any person with respect to compensation, tenure, conditions, or privileges of employment because of such person's race or national origin. The Plaintiff in this case, TRINA ROLLIE, claims that Defendant, VENATOR RETAIL GROUP, INC., intentionally discriminated against her. The Defendant denies this charge. It is your responsibility to decide whether the Plaintiff has proven her claim against the Defendant by a preponderance of the evidence.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

11

Plaintiff's claim under 42 U.S. § 1981 is based upon a law passed by Congress that provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by White citizens. For the purposes of this case, the law entitles a Black person to equal opportunity and treatment in employment. Thus when an employer fails to promote a Black person because of that person's race, the law has been violated and the Black person may file suit to recover damages.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

ORL1\COM\LIT\370690 1
00000/0000 KEK

To prevail, the plaintiff must prove by a preponderance of the evidence that the Defendants had a discriminatory purpose or motive in the failure to promote her. This burden can be met by either direct or indirect evidence of intentional discrimination. Direct evidence would include statements showing a discriminatory motivation for the Defendants' treatment of the plaintiff. Indirect or circumstantial evidence would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the Defendant's failure to promote the Plaintiff.

Your verdict must be in favor of the Plaintiff and against the Defendant if the following elements have been proved by the preponderance of the evidence:

(1)    the Defendants' failure to promote the Plaintiff, and

(2)    the Plaintiff's race was a motivating factor in the Defendants' decision; in other words, that the Defendant had a discriminatory purpose or motive.

If either of the above elements has not been proved by a preponderance of the evidence, you must decide in favor of the Defendant, and you do not need to consider this claim any further.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

13

In this case, the Plaintiff must prove by a preponderance of the evidence that her race was a determining factor--or a factor that made a difference--in the Defendants' decision not to promote. the plaintiff. This means that the evidence must show that, but for the Plaintiff's race, the Plaintiff would have been promoted. The phrase "determining factor" does not mean that it was the only motivation for the defendant's decision not to promote the plaintiff. However, it must have been a factor that actually led to the decision.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

14

While I have discussed the particular order and proof by which you must analyze the evidence in this race discrimination case, the burden is not on Defendant to prove nondiscrimination; rather, the burden is on Plaintiff to affirmatively and ultimately prove race discrimination and to establish by a preponderance of the evidence that race was a substantial or motivating factor in Defendant's employment decisions.

Your verdict will be for the Defendants on this claim if you find that race was not a motivating factor in its conduct.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

15

I instruct you that Plaintiffs beliefs and self-serving declarations about her claims, if unsupported by any other objective facts, are not sufficient as proof that Defendants did not promote her because of her race. On the contrary, it is the beliefs and motivations of Defendants' agents in this case that are important. You may not rule for Plaintiff unless you find by a preponderance of the evidence that Defendants' agents who made the employment decisions in issue, used race as a determining factor in making these decisions.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

16

If you find that the decision not to promote Plaintiff to a higher volume store was made as a business decision and not because of race, the fact that the business judgment may or may not have a fair or wise decision is no basis for liability. Only if Plaintiff proves by preponderance of the evidence that consideration of her race was a motivating factor in Defendants' failure to promote her can the Defendants be held liable.

If you find that Plaintiff was denied a promotion to a higher volume store due to her race, then you may award her back pay in the amount of the difference between what she would have earned had she been promoted to a higher volume store and/or trained sooner and the amount she actually earned before resigning from the company.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

17

The Plaintiff has alleged that, as a result of the Defendant's intentional discrimination against her based on her race, she has suffered emotional distress, pain and suffering, humiliation, embarrassment and loss of pay and benefits. Future pecuniary losses are those involving money such as a claim of loss for damage to one's career. Nonpecuniary losses are intangible losses such as emotional distress. The Plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If the Plaintiff does not establish that she has experienced emotional distress, pain and suffering, humiliation, embarrassment and loss of pay and benefits or other nonpecuniary losses because of the Defendants' conduct, then she cannot recover compensatory damages.

If you determine that the Plaintiff has proven by a preponderance of the evidence that she has experienced any or all of these losses because of the Defendants' conduct in discriminating against her on the basis of her race, you may award her damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation, no more and no less.

When considering the amount of monetary damages to which the Plaintiff may be entitled, you should consider the nature, character, and seriousness of any

18

emotional distress, pain and suffering, humiliation, embarrassment and loss of pay

and benefits the Plaintiff felt. You must also consider its extent or duration, as any

award you make must cover the damages endured by the Plaintiff since the

wrongdoing, to the present time, and even into the future if you find as fact that the

proofs presented justify the conclusion that the Plaintiff's emotional stress and its

consequences have continued to the present time or can reasonably be expected to

continue in the future.


Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

19

Also, a plaintiff has a duty to make every reasonable effort to minimize or reduce his or her damages for loss of compensation by seeking, accepting, and retaining alternative employment. This is called "mitigation". If VENATOR GROUP RETAIL, INC., proves by a preponderance of the evidence that TRINA ROLLIE failed to mitigate damages, the back pay award for TRINA ROLLIE must be reduced by the amount TRINA ROLLIE would have earned during any period in which TRINA ROLLIE failed to meet her duty to mitigate.

In evaluating whether Plaintiff has met her duty to mitigate, you must determine whether Plaintiff was reasonably diligent in seeking, accepting and retaining employment. In determining whether TRINA ROLLIE was reasonably diligent in seeking alternative employment, you may consider the extent that she reviewed the classified advertisements in various local, regional and national publications, and the length of such a review; whether she registered with qualified employment agencies; the number of positions for which she applied; whether these activities were documented; whether there were substantially equivalent jobs available for which he did not apply; whether the geographic area of the job search was unreasonably small given the nature of the job and the scope of the job market; whether she unreasonably limited herself to a specific type of employment.

The duty to mitigate requires a plaintiff to be ready, willing and available for employment. This duty is not met simply by a readiness to accept reinstatement with

20

the Defendant.   Plaintiff must be available and willing to accept employment elsewhere; he must not remove himself from the job market.

Moreover, after being unable over a reasonable time to locate employment substantially similar to what she had with the Defendant, a plaintiff should consider "lowering her sights" and consider accepting other suitable employment at a lower rate of pay than her previous job.   In determining suitability for different employment, you may consider the Plaintiff's skills, background, and experience, and you may consider whether the different employment involved conditions that are substantially more onerous than his previous position.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available to her under all the circumstances shown by the evidence, then you should reduce the amount of her damages by the amounts she could have reasonably realized if she had taken advantage of such opportunity.

**Authority:**  NLRB v. Armstrong Tire & Rubber co., 263 F.2d 680, 684 (5th Cir. 1959); Southern Tours, Inc. v. NLRB, 401 F.2d 629, 634 (5th Cir. 1968); J.H. Rutter Rex Manufacturing Co. v. NLRB, 473 F.2d 223, 242 (5th Cir.), cert. denied, 414 U.S. 822 (1973); Merriweather v. Hercules, Inc., 631 F.2d 1161, 1168 (5th Cir. 1980); Nord v. United States Steel Corp., 758 F.2d 1462, 1470 (11th Cir. 1985); Miller v. Marsh, 766 F.2d 490, 492 (11th Cir. 1985); Walters v. City of Atlanta, 803 F.2d 1135, 1145 (11th Cir. 1986); Hansard v. Pepsi-Cola Metropolitan Bottling Co., 865 F.2d 1461, 1468 (5th Cir. 1989); Johnson v. Chapel Hill School District, 853 F.2d 375 (5th Cir. 1989); Carden v. Westinghouse Electric Corp., 850 F.2d 996, 1004-06 (3d Cir. 1988); Wheeler v.

21

Synder Buick, Inc., 794 F.2d 1226, 1254 (7th Cir. 1986); Brady v. Thurston Motor Lines, 753 F.2d 1269, 1275 (4th Cir. 1985); NLRB v. Madison Courier, Inc., 505 F.2d 391, 395-96 (D.C. Cir. 1974); NLRB v. Southern Silk Mills, 242 F.2d 697, 700 (6th Cir.), cert. denied, 355 U.S. 821 (1957); Joshi v. Florida State University Health Center, 48 FEP Cases 656 (N.D. Fla. 1986), aff'd mem., 845 F.2d 1030 (11th Cir. 1988), cert. denied, 109 S.Ct. 836 (1989); EEOC v. Domino's Pizza, Inc., 34 FEP Cases 1075, 1076 (E.D. Mich. 1983); Newman v. Avco Corp., 15 FEP Cases 1404, 1411 (M.D. Tenn. 1975), modified sub nom., Alexander v. Aero Lodge No. 735, International Association of Machinists, 565 F.2d 1364 (6th Cir. 1977), cert. denied, 436 U.S. 946 (1978); Medline Industries, Inc., 261 NLRB 1329, 1331-33 (1982); Goodman v. London Metals Exchange, 43 FEP Cases 1750 (N.J. 1981); Basic Instr. 7.1, Pattern Jury Instr. (Civil Cases), U.S. 11th Circuit,

District Judges Assoc., 1990 ed., West Pub. Co.


Given as requested:_____
Given as modified:_____
Denied:_____
Withdrawn:_____

22

In this case you have been permitted to take notes during the course of the trial, and most of you–perhaps all of you–have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater eight than the memory or impression of each juror as to what the testimony may have been.

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

23

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** Basic Instruction 7.1, <u>Pattern Jury Instructions Civil Cases</u>, U.S. Eleventh Circuit District Judges Association (2000 ed. West).

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

24

When you go to the jury room you should first select foreperson. The foreperson will preside over your deliberation and will speak for you here in Court.

A form of verdict has been prepared for your convenience.

(Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return it to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or questions and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

**Authority**: Basic Instruction 8, Pattern Jury Instructions Civil Cases, U.S. Eleventh Circuit District Judges Association (2000 ed. West).

Given as requested: _____
Given as modified: _____
Denied: _____
Withdrawn: _____

ORL1\COMMUT\370699 1
C99999\0999 KEK